SAMPSON D. LOE, Respondent, v. THE CHICAGO, ROCK
ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, March 26, 1894.

1. **Pleading**: PERSONAL INJURY: LOSS OF TIME: OBJECTION TO EVIDENCE.
The allegation of the petition in this case may with reason be held
sufficient to admit of the plaintiff's recovery for loss of time; and as
there was no objection to the admission of evidence showing a loss
of time, an objection to the insufficiency of the pleading will not
be sustained in the appellate court.

2. **Personal Injury**: VALUE OF LOST TIME: KNOWLEDGE OF JURY.
Though there is no evidence of the value of the time lost, yet in a case
like this, involving a loss of the earnings of a common laborer, jurors
may well be presumed to be reasonably familiar with the value of
such services and they may measure the same by their own knowl-
edge and experience. The case is different wherein the value of
professional services, or uncommon articles, is involved.

3. **Contributory Negligence**: KNOWLEDGE OF INCOMPETENCY OF
FELLOW SERVANTS. On a review of the whole testimony in this case
there is nothing connected with it conclusively showing that plain-
tiff knew it would be hazardous to work with his fellow servants
whose incompetency caused his injury.

4. **Instruction**: ERROR IN PLAINTIFF'S, CURED BY DEFENDANT'S. The
pleading alleged the incompetency of three Swedes. The evidence
showed there were four Swedes in the gang. The instruction was
based on the hypothesis of the negligence of the Swedes or any of
them. While this instruction was faulty in allowing the jury to
consider the negligence of the fourth Swede, who was not complained
of in the petition, the fault was cured by the defendant's instruction
confining negligence to the three Swedes by name.

5. **Evidence**: DEMURRER: NEGLIGENCE. *Held*, there was evidence in
this case tending to show the carelessness, ignorance and indiffer-
ence of the plaintiff's fellow servants to the safety of others; of all
these matters defendant's foreman was repeatedly warned but
retained the incompetent servants without sufficient excuse.

*Appeal from the Grundy Circuit Court.*—HON. PARIS C.
STEPP, Judge.

AFFIRMED.

*W. F. Evans* and *McDougal & Sebree* for appellant.

(1) The court erred in giving plaintiff's second instruction, [for the reason that there was neither allegation nor proof of plaintiff's "loss of time" nor of the value of his time. *Jesse v. Shuck,* 12 S. W. Rep. (Ky.) 304; *Leeds v. Railroad,* 90 N. Y. 26; *Stoal v. Railroad,* 31 Am. and Eng. R. R. Cases, 21; *Crowley v. Railroad,* 24 Mo. App. 119–123; *Campbell v. Alston,* 23 S. W. Rep. 33; *Rhodes v. City of Nevada,* 47 Mo. App. 499; *Slaughter v. Railroad,* 23 S. W. Rep. (Mo.) 76. Besides which, such damages are special and must be stated with particularity to warrant recovery therefor. 1 Chit. Pl. [10 Am. Ed.] 395, 396; *Birchard v. Booth,* 4 Wis. 67; *Jesse v. Shuck, supra; Mellor v. Railroad,* 105 Mo. 455, 462; *Coontz v. Railroad,* 115 Mo. 669, 674; *Dumont v. Smith,* 4 Den. 319; *State v. Blackman,* 51 Mo. 319, 321; 3 Suth. Dam., 426, and cases cited, p. 427; *Dunn v. Railroad,* 21 Mo. App. 188, 206, and cases cited. (2) The verdict shows such an utter disregard of defendant's third instruction as to raise a conclusive presumption that it was the result of passion or prejudice, for the testimony of plaintiff himself, as well as that of his witnesses, shows beyond question that his knowledge of the alleged incompetency of the Swedes was at least equal to that of defendant. (3) The petition alleged negligence as to three foreigners; the proof showed four Swedes. Plaintiff's first instruction held defendant liable for any injury occasioned by the negligence "of said Swedes or any of them," and the court erred in giving it. (4) The court erred in refusing defendant's instruction asked at the close of all the evidence directing a verdict for defendant. The presumption is that defendant exercised due care in the employment of the Swedes. *Summerhays v. Railroad,* 2 Col. 484, 487. The burden devolved upon plaintiff to

rebut this presumption and to allege and prove three things: *first,* incompetency of the Swedes; *second,* that defendant knew or by the exercise of reasonable care could have known thereof; and, *third,* that he did not know of it himself. *Davis v. Railroad,* 20 Mich. 105; *McDermott v. Railroad,* 87 Mo. 285, 296. The duties of master and servant in this respect, are correlative, the same duty rested upon each to know whether the Swedes were incompetent or not. 2 Thomp. Neg., 1008; *Wormell v. Railroad,* 31 Am. and Eng. R. R. cases, 272, 276; *Railroad v. Mahoney,* 4 Ill. App. 262, 265; *Bogenschutz v. Smith,* 84 Ky. 330, 338. Plaintiff's own testimony shows that prior to his injury he knew all about the alleged incompetency of the Swedes. *McDermott v. Railroad,* 87 Mo. 285, 296, and cases cited. Besides all which there is nothing to the contrary that the Swedes did all right in all things prior to the accident, and that this error was their first and only one. Like proof has always been held insufficient to establish negligence, incompetency or liability. *Summerhays v. Railroad,* 2 Col. 484, 487; *Baulec v. Railroad,* 59 N. Y. 356, 363, 364; *Lee v. Railroad,* 62 Mo. 565, 568.

*Harber & Knight* for respondent.

(1) Appellant's objection to plaintiff's second instruction, that there was not sufficient evidence to warrant the court in submitting to the jury "the loss of plaintiff's time," as an element of damage, is not well taken. Plaintiff did show that he was an able-bodied man, forty-four years of age, and had been employed for eighteen years by the defendant as a common laborer and that he had lost eleven months time on account of his injuries. The objection is that plaintiff did not put a value upon his time. Jurors may well be presumed to be reasonably familiar with

the value of a common laborer's time. The jury, from
their own knowledge and experience, were as compe-
tent to value eleven months' time as was the plain-
tiff himself. *Murray v. Railroad*, 101 Mo. 236, 241;
*Bartley v. Trorlicht*, 49 Mo. App. 214, specially 220
(paragraph 2 of opinion); 12 Am. and Eng. Ency-
clopedia of Law, p. 199; *Bell v. Barnett*, 2 J. J. Marsh
(Ky.) 516; *Rosenkrans v. Railroad*, 108 Mo. 17. Under
such circumstances the judgment ought not to be
reversed on the objection now being considered.
*Murray v. Railroad, supra; Haniford v. City of Kansas*,
103 Mo. 183; Revised Statutes, 1889, sec. 2303.
Appellant's contention that the petition was not
sufficiently broad to cover the loss of plaintiff's
time, can not be more completely refuted, than by that
portion of the petition referring to plaintiff's damage:
"That in consequence of said injuries received as
aforesaid, plaintiff was, and is now, and will ever be,
compelled to wear a truss and walk with a crutch, and
will be, for life, a cripple and invalid and unable to
work, and is thereby compelled to abandon forever his
ordinary vocation, and is totally disabled and perma-
nently injured and left a physical wreck. That in con-
sequence of said injuries, plaintiff suffered great bodily
pain, and doth still suffer excruciating pain, and has
from said day until the present been unable to attend
to any business, and suffered during all of said time
great pain and anguish of mind, and has expended
large sums of money for medical treatment, medicines
and other helps." (2) The second point urged in appel-
lant's brief is a contention of passion and prejudice on the
part of the jury in not finding for defendant on its third
given instruction that, if plaintiff knew of the incom-
petency of said Swedes, he could not recover. There was
no proof of his knowledge of their incompetency other
than he simply knew that they could not, or would not,

converse with him upon one occasion. Besides their inability to speak the English language, it was further shown that they were careless, ignorant, unskillful and inattentive to their business. And even if plaintiff had known of all this, it would not, as a matter of law, defeat his recovery. *Williams v. Railroad*, 109 Mo. 475–487. (3) The general expression of "said Swedes," in plaintiff's instruction is expressly limited by defendant's second instruction. This instruction not only limited the jury to three Swedes in number, but went further and specified their names. *Porter v. Harrison*, 52 Mo. 524, and cases cited; *Compton v. Johnson*, 19 Mo. App. 38–93. (4) Notwithstanding the court gave all the instructions asked by defendant, without modification, excepting its demurrer to the evidence appellant here modestly urges that it should have been given. For ample support of the petition, instructions for plaintiff and finding of the jury, respondent cites *Maxwell v. Railroad*, 85 Mo. 95; *Neilon v. Railroad*, 85 Mo. 599; *Harper v. Railroad*, 47 Mo. 567; *Kersey v. Railroad*, 79 Mo. 362; *Gibson v. Railroad*, 46 Mo. 163; *Williams v. Railroad*, 100 Mo. 475.

ELLISON, J.—The plaintiff, an employee, obtained judgment in the trial court for personal injuries received on account of the alleged negligence of the defendant. The immediate act of negligence was the act of three of the defendant's servants working with the plaintiff at the time of the accident. These three men were Swedes who were unacquainted with the English language and in consequence, as is charged, were unfitted for the nature of the work which the defendant had the plaintiff and them and others engaged in performing; that they were likewise incompetent, reckless and otherwise unfit. The work was that of unloading iron or steel rails, such

as are used for laying railroad tracks, from one of defendant's box cars. After the rails were gotten out of the car they would be laid hold of by a number of men at either end, and thrown off the track onto the ground. Plaintiff, with others, was at one end, and the Swedes, with others, at the other end, one rail being handled at a time. The rails were of such great weight and of such difficulty to safely handle that it was necessary they should be thrown by the men at each end, at the same time. To do this the men were to act on the signal "he-o-heva," "he-o" meaning to get ready to throw, and "heva," to throw. The work was being done under the immediate supervision of a foreman who was on the top of the car. It was plaintiff's duty to give the signal for concerted action in getting ready to throw and to throw the rail. The accident happened on account of the Swedes at the opposite end of the rail from the plaintiff unexpectedly throwing the rail before the signal was given, which resulted (plaintiff at the time holding to his end of the rail) in crushing plaintiff to the ground and seriously injuring him. The evidence tended to show that the Swedes thus unexpectedly threw the rail by reason of their ignorance and inexperience in work of this kind and of their utter inability to understand the English language, or the nature of the signal aforesaid.

We are left to determine the case on the points made on the instructions as applicable to the case stated in the petition and made by the evidence.

In instructing the jury as to the measure of damages the court authorized them to allow plaintiff for his loss of time resulting from the injury. The defendant's contention is that this element of damage was not stated in the petition, nor its value shown by the evidence. The petition does not, in direct terms, charge a loss of time, as it should have done. It does,

however, declare: "That in consequence of said injuries received as aforesaid, plaintiff was, and is now, and will ever be, compelled to wear a truss and walk with a crutch, and is now, and will be for life, *a cripple and invalid and unable to work*, and is thereby compelled *to abandon forever his ordinary vocation*, and *is totally disabled* and permanently injured and left a physical wreck. That in consequence of said injuries, plaintiff suffered great bodily pain, and doth still suffer excruciating pain, *and has from said day until the present been unable to attend to any business*, and suffered during all of said time great pain and anguish of mind, and has expended large sums of money for medical treatment, medicines and other help."

These allegations are much broader and far more comprehensive than those contained in the petitions in the cases of *Mellor v. Railroad*, 105 Mo. 462; and *Coontz v. Railroad*, 115 Mo. 674. The allegations in the petition before us might, perhaps, be said to be a sufficient statement upon which a verdict including damages for loss of time may be allowed to stand. It might with reason be said if plaintiff was rendered a cripple and totally disabled; was unable to work or attend to any business, that it would be fair to presume that he must have lost his time. However this may be, there was no objection interposed to the evidence showing a loss of time and, therefore, the point made on this head will be ruled against defendant.

But defendant's contention as to there being no evidence showing the *value* of the time lost is true in point of fact. We must nevertheless on the authority of *Murray v. Railroad*, 101 Mo. 236, hold such proof to be unnecessary. In that case the question related to the value of the services of a nurse. Judge BLACK there said that, "Jurors may well be presumed to be reasonably familiar with the value of such services, and they

may measure the same by their own knowledge and experience.'' The loss of time here involved the loss of earnings of a common laborer and perhaps requires less knowledge and experience in determining its value than is required in case of nursing. This question is distinguished from those wherein the value of professional services or uncommon articles is involved. *Rhodes v. City of Nevada*, 47 Mo. App. 499.

The defendant complains that the verdict is in the face of instruction number 3 in its favor, wherein the jury were told that, notwithstanding the Swedes were incompetent and defendant knew it, yet that, if plaintiff also knew of such incompetency he could not recover. We cannot agree to this. The jury were not bound to find that plaintiff knew of the ''incompetency'' of the Swedes. He had worked with them, prior to the injury, ''three half days.'' He had known them four or five days. About four days prior to the accident he undertook to converse with them and found that they paid no attention to him—did not appear to understand him. We do not consider this, connected with the whole testimony on the subject, as conclusively showing that plaintiff knew it would be hazardous to work with them. There was evidence tending to show, in addition to their not understanding the English language, that they were incompetent and reckless and that defendant's foreman knew it.

The petition complained of three Swedes. There was evidence showing that four were engaged in the work, and plaintiff's instruction number 1 was based on the hypothesis of the negligence of ''the Swedes'' or of ''any of them.'' The objection is that since there were more Swedes engaged in this work than the number charged in the petition, the jury was authorized by this instruction to consider the negligence of a fourth Swede who was not complained of in the

petition.   The answer to this is that such objection is cured by defendant's instructions which in direct terms confine the acts which the jury were to consider to those acts committed by three Swedes, naming them. There could not have been any misunderstanding with the jury in this respect.

The demurrer to the evidence was properly overruled.   What we have said in respect to the action of the jury under defendant's instruction number 3 is applicable here.   There was evidence the tendency of which was to show that the Swedes were careless and from ignorance, or otherwise, were indifferent to the safety of others; that the foreman was repeatedly warned of this, but nevertheless retained them in his employ, giving insufficient excuses for so retaining them. There can be no question but that the demurrer to the evidence was properly overruled.

An examination of the whole case satisfies us that there is no justifiable ground upon which we could place an interference with the judgment, and it is therefore affirmed.   All concur.