EDWARD W. NELSON, Respondent, v. UNITED
RAILWAYS COMPANY OF ST. LOUIS, Ap-
pellant.

**St. Louis Court of Appeals, July 5, 1913.**

1. **DAMAGES: Special Damages: Loss of Time: Pleading.** In an action for personal injuries, where evidence tending to prove that plaintiff sustained damages by reason of loss of time is received without objection on the part of defendant, it is proper for the court to permit the jury to award damages for loss of time, although no claim therefor is made in the petition.

2. **EVIDENCE: Opinion Evidence: Value of Laborer's Time: Damages.** Almost any intelligent citizen who employs common labor is sufficiently familiar with the value of the time of one so engaged to testify concerning it.

3. **DAMAGES: Loss of Time by Laborer: Instructions.** Where, in an action for personal injuries, there was evidence as to plaintiff's loss of time from his occupation as a common laborer, but no evidence as to what he had been earning prior to his injury, it was not erroneous to permit a recovery for loss of time, inasmuch as the wages paid a common laborer is a matter of common knowledge, and inasmuch, also, as plaintiff was entitled to recover nominal damages at least and defendant did not request that the recovery on this item be limited to a nominal amount.

4. ———: **Instructions: Waiver of Generality.** Where, in an action for personal injuries, plaintiff is entitled to nominal damages at least, on a certain item of damages, it is not error to fail to limit the recovery to a nominal amount, in the absence of a request for such limitation by defendant.

5. ———: **Personal Injuries: Excessive Recovery.** In an action for personal injuries, it was shown that plaintiff suffered a broken rib and a severe and permanent injury to one of his shoulders. *Held*, that a verdict for $4200 was not excessive.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

AFFIRMED.

*Boyle & Priest, Morton Jourdan* and *T. E. Francis* for appellant.

(1)   Instruction No. 15, defining the measure of damages, given at plaintiff's request, is erroneous for the reason it authorized the jury to assess damages for loss of time by plaintiff, when no claim for loss of time was made in the petition.   Coontz v. Railroad, 115 Mo. 669, 673; Slaughter v. Railroad, 116 Mo. .269, 274; King v. Railroad, 129 Mo. App. 301, 304; Ferrier v. Mercantile Co., 158 Mo. App. 533, 536; Stoetzle v. Sweringen, 96 Mo. App. 592.   (2)   Instruction No. 15, defining the measure of damages, given at plaintiff's request, is erroneous for the reason it authorized the jury to assess damages for loss of time by plaintiff, when no evidence was given as to how much time he lost nor as to what wages he had received prior to his injury.   Slaughter v. Railroad, 116 Mo. 269; Davidson v. Transit Co., 211 Mo. 320; Duke v. Railroad, 99 Mo. 347; O'Brien v. Loomis, 43 Mo. App. 29; Ingles v. Railroad, 145 Mo. App. 241; McNeil v. Cape Girardeau, 153 Mo. App. 424; Mammerberg v. Railroad, 62 Mo. App. 563; Stoetzle v. Sweringer, 96 Mo. App. 592; Boyce v. Railroad, 120 Mo. App. 168.   (3)   The verdict is excessive (a) because, in any view of the case, it is an excessive award for the injuries plaintiff claims to have sustained; and (b) because, presumptively, it erroneously includes an award of damages for loss of time.   Nelson v. Railroad, 113 Mo. App. 663; Morris v. Railroad, 144 Mo. 508; Ingles v. Railroad, 145 Mo. App. 247.

*Johnson, Rutledge & Lashly, George E. Smith* and *Glendy B. Arnold* for respondent.

(1)   The fact that plaintiff was unable to attend to his duties is evidence from which the jury could find that he lost his wages.   Jennings v. Appleman, 159 Mo. 12; Loe v. Railroad, 57 Mo. App. 350; Mabrey v. Road Co., 92 Mo. App. 596; Bogue v. Corwine, 80 Mo. App. 616; Wood v. Railroad, 118 Mo. App. 78.   (2) The instruction is correct in its general scope.   The

burden was, therefore, on appellant to ask a qualifying instruction and having failed in this they must now be adjudged to have waived the point. Browning v. Railroad, 124 Mo. 55; Mabrey v. Road Co., 92 Mo. App. 596; Feeney v. Railroad, 116 N. Y. 375; Seitz v. Railroad, 32 N. Y. St. Rep. 56. (3) There was no objection made, nor exception saved by the appellant to the evidence offered by the plaintiff as to the time he was detained, by reason of his injuries, from his employment. As this evidence was offered to show loss of wages, appellant cannot now assert that the petition fails to allege loss of time, or that the instruction authorizing damages for loss of time was improper. Cobb v. Railroad, 149 Mo. 609; Mellor v. Railroad, 105 Mo. 455; Loe v. Railroad, 57 Mo. App. 350; Brandt v. Railways, 153 Mo. App. 16; Bartley v. Trorlicht, 49 Mo. App. 214. (4) This court will not reverse a judgment merely because it is innocently excessive. Snider v. Railroad, 108 Mo. App. 234; Gorham v. Railroad, 112 Mo. App. 205; Waechter v. Railroad, 113 Mo. App. 270; Saller v. Shoe Co., 130 Mo. App. 712.

NORTONI, J.—This is a suit for damages accrued on the grounds of negligence. Plaintiff recovered and defendant prosecutes the appeal.

Three points are made for a reversal of the judgment: First, that the court authorized a recovery as for the loss of time when no averment touching that matter appears in the petition; and, second, without direct proof of the value of such loss—that is, earning capacity; and, third, because the verdict is excessive.

It appears that plaintiff was injured through the negligence of defendant in permitting its street car to run upon him in a public thoroughfare in St. Louis. As a result of the collision, one of plaintiff's ribs was broken and severe and permanent injuries were inflicted upon his shoulder.

Plaintiff's instruction on the measure of damages is as follows:

"The court instructs you that, if you find for the plaintiff, you should, in estimating his damages, consider his physical condition before and since receiving the injuries for which he sues (as shown by the evidence), *his loss of time,* if any, and his physical and mental anguish, if any suffered by him on account of his injuries at the time of and since such injuries (as shown by the evidence) and such damages, if any, as you may, from the evidence, find reasonably certain he will suffer in the future by reason of his injuries, and you will assess his damages at such sum as will, in your judgment, under the evidence, reasonably compensate him for such injuries, not exceeding the sum of $10,000." (The italics are our own and are employed to the end of inviting attention to those words later in the opinion.)

After describing the injuries, the petition says they are permanent, and avers, too, "that plaintiff was confined to his bed for a long time" on account of such injuries. But there is no direct averment that plaintiff lost any time on account of them and no claim is laid for compensation on the score of past lost time. There is, however, an express averment in the petition that plaintiff's future earning capacity has been impaired so as to prevent him from earning a livelihood in the future. Under this latter averment, it was certainly competent, and so much is conceded, for plaintiff to prove and recover on account of future loss of earnings. But it is said the court erred in authorizing a recovery as for, to quote from the instruction, "his loss of time," for it would seem such recovery included compensation for loss of time in the past which was not claimed in the petition. Touching this matter and that phase of it concerning the omitted averment in the petition, it may be said that defendant, without objection on its part, sat by and permitted

plaintiff to introduce an abundance of evidence to the effect that plaintiff lost seven weeks of time from his regular employment on account of the injury. Plaintiff testified that he was in bed three weeks and four days and was unable to get out of the house until six weeks elapsed after his hurt. It appears, too, that he was unable to perform any kind of manual labor for a week thereafter. As above said, all of this evidence was received without objection on the part of defendant, and, this being true, it was entirely proper for the court to submit the question arising thereon to the jury, though no claim was made in the petition on that account. [See Mellor v. Mo. Pac. R. Co., 105 Mo. 455, 16 S. W. 849; Loe v. C. R. I. & P. R. Co., 57 Mo. App. 350.] The judgment is then not to be reversed for the reason a recovery was allowed as for loss of time in the past because not claimed in the petition, for it is clear that matter was waived by permitting the proof to be received without objection and is to be regarded as a mere immaterial variance under the statute. [Litton v. Chicago, B. & Q. R. Co., 111 Mo. App. 140, 146, 85 S. W. 978.]

In so far as the right to recover as for loss of earnings in the future is concerned, the petition expressly lays a claim for that, and, of course, the evidence tending to prove it was properly received. By reference to the language of the instruction above set out, it will appear that it does not expressly direct the jury to consider plaintiff's loss of time in the past, but on the contrary authorizes a recovery alone for "his loss of time." See the words italicized in the instruction. But, of course, this authority to consider plaintiff's loss of time as an element of damages is to be viewed as though the jury understood it to authorize a recovery for the time lost in the past as well as diminished earning power in the future. However this may be, the evidence of time lost as well as that tend-

ing to prove a diminished earning capacity was properly in, and the giving of the instruction as worded is not to be condemned for the mere failure to lay a claim in the petition for past loss of time.

But it is argued, though evidence was received as to the loss of time in the past and diminished earning power for the future, the court should not have submitted these elements of recovery to the jury, for the reason no evidence was introduced tending to prove the value of plaintiff's time. It is true nothing appears as to the amount plaintiff earned when employed, and if the case presented the feature of one following some particular calling, touching the nature, character and compensation of which the jury were wholly unadvised, the argument would inhere with much force. It is not so, however, when it appears, as here, that the plaintiff's calling is one of a character and kind which, together with the usual compensation therefor, is well known and understood by all fairly intelligent men in the community. In such cases, it is said the jurors in the box know something of the value of the time lost and the earning power diminished as well as the witnesses called to give testimony thereon. That plaintiff was employed at the time of his injury, the record reveals beyond question. Therefore, that his past loss of time was of value to him sufficiently appears. That his earning power was diminished for the future is not questioned, for the evidence amply reveals it, and then, too, it is said his injuries to the shoulder are permanent.

While the amount of wages he received is not shown in the evidence, it appears that he was engaged in the capacity of a common laborer for a manufacturing company and had charge of hauling from the factory and loading on the cars ice cream cabinets for shipment. After his injury he engaged to work for a contractor in laying concrete, but was unable, because

of his hurt, to perform the task assigned him and lost the place. It thus appearing that his occupation was that of common labor, almost any intelligent citizen who employs common labor is sufficiently familiar with the value of the time of one so engaged to testify concerning it in court. This court has several times heretofore declared such to be true with respect to the competency of witnesses to speak on the question. [See Bogue v. Corwine, 80 Mo. App. 616, 620; Kelly v. Rowane, 33 Mo. App. 440.]

The jurors as well as others possess information touching this question and they know that the loss of time by and the diminished earning capacity of one engaged in common labor possesses some value for which a recovery should be allowed. Though it be that they are not informed as to the precise amount of the loss to be compensated and that a verdict therefor is not authorized without evidence tending to prove the value of the loss, it is certain that enough appears from the facts of employment, the injury and the loss of time as a consequence thereof to authorize a nominal recovery on that account. [See Mabrey v. Gravel Road Co., 92 Mo. App. 596; Jennings v. Appleman, 159 Mo. App. 12, 139 S. W. 817; Loe v. C. R. I. & P. R. Co., 57 Mo. App. 350.] Therefore, the plaintiff's instruction authorizing a recovery for "his loss of time" is not to be condemned as without any warrant whatever in the evidence. It appears to be well enough in its general scope, but it may be defendant was entitled to have the recovery on the score of loss of time and diminished earning capacity limited to that of nominal damages only. Though such be true, the judgment should not be reversed on account of plaintiff's instruction, for it does not appear that defendant made any request whatever toward limiting the recovery on this account to nominal damages. [See Browning v. Wabash, etc., Ry. Co., 124 Mo. 55, 27 S. W. 644. See, also, Mabrey v. Gravel Road Co., 92 Mo. App. 596.]

The verdict is for $4200 and the injuries are said to be permanent. We do not regard the recovery excessive.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.