JULIUS JORKIEWICZ, Respondent, v. AMERICAN BRAKE COMPANY, Appellant.

### St. Louis Court of Appeals, January 5, 1915.

1. **MASTER AND SERVANT: Delegation of Authority: Liability of Master.** It is the personal duty of the master to direct and control the work, so that, if one servant is given power and authority to direct and control other servants, in the performance of some branch of the master's work, the latter is liable for negligence on the part of such superior servant, in the exercise of the power and authority thus conferred upon him.

2. ————: **Injury to Servant: Dual Capacity Doctrine: Vice Principal or Fellow-Servant.** An employee, engaged as helper in making crankshafts, by placing a heated billet of metal in a die and causing it to be struck a number of blows by a steam hammer, was injured by a piece of the heated metal, which was sheared off by the die, flying into his eye. A coemployee had immediate supervision over all the men engaged in the work, and he directed the hammer driver and the helpers. The accident happened because the billet was not in a proper position to be struck by the hammer when the coemployee directed the striking of the hammer. In an action for the injuries thus sustained, evidence *held* to justify submission to the jury of the question whether the negligence of the coemployee in causing the billet to be struck when improperly placed was the act of a vice principal, for which the employer was responsible.

3. ————: **Dual Capacity Doctrine.** The dual capacity doctrine obtains in this State, and it is the character of the act, and not alone the rank of the servant, which determines the question of liability or nonliability of the master for the derelictions of such servant.

4. **DAMAGES: Personal Injuries: Excessiveness of Verdict.** A verdict for $5000 for the loss of an eye was not excessive.

Jorkiewicz v. Brake Co.

On Motion for Rehearing.

5. **DAMAGES: Instructions: Waiver of Generality.** In an action for injuries resulting in the loss of an eye, an instruction which permitted the jury to assess damages in such sum as would compensate plaintiff for the loss of his eye, did not purport to authorize a recovery for loss of earnings, demanded in the petition, but not proved, and inasmuch as the instruction was correct in its general scope, defendant was in no position to complain that it was too broad, in the absence of a request by him that its scope be limited.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*A. & J. F. Lee* and *James A. Waechter* for appellant.

(1) Defendant's instruction of nonsuit should have been given, because (a) The evidence established, without conflict, Cripps and plaintiff were fellow-servants. (b) The dual capacity doctrine is established in Missouri. Garland v. Railroad, 85 Mo. App. 579; Robinson v. Railroad, 133 Mo. App. 101; Moore v. Railroad, 85 Mo. 588; Card v. Eddy, 129 Mo. 510; Hawk v. Lumber Co., 166 Mo. 121; Relyea v. Railroad, 112 Mo. 86; Livengood v. Lead & Zinc Co., 179 Mo. 229; Thompson on Negligence, p. 952; Weekes v. Scharer, 11 Fed. 330. (c) The power to give an order incidental to the work can be delegated by the master without responsibility to a servant for its negligent exercise. Shaw v. Construction Co., 102 Mo. App. 666; Thompson on Negligence, p. 953; Weekes v. Scharer, 11 Fed. 330; Milbench v. Jenks Mfg. Co., 21 R. I. 321; Lepan v. Hall, 128 Mich. 523; Knutter v. N. Y. & N. J. Tel. Co., 67 N. J. Law 646. (2) Plaintiff's instruction number 1, is erroneous, because—(a) It assumes contraverted facts. Bryan v. Lamp Co., 176 Mo. App. 729; Radke v. Basket & Box Co., 229 Mo. 24; Crow v. Railroad,

212 Mo. 610; James v. Railroad, 107 Mo. 405. (b) It makes defendant liable for the improper placing of the steel even though improperly placed by fellow-servants. (c) It was confusing and misleading. (d) It was not warranted by the evidence. Lukaminski v. Foundries, 162 Mo. App. 631; Glaser v. Rothchild, 221 Mo. 180. (e) Its errors were not cured by any other instruction in the case. (f) It instructed a recovery for loss of earnings where loss of time was proved but no proof of value of earnings lost. Ingles v. Railroad, 145 Mo. App. 246; Grout v. Railway, 151 Mo. App. 334; Slaughter v. Railroad, 116 Mo. 276; Duke v. Railroad, 99 Mo. 347. (3) Defendant's instruction number 3 should have been given because it was clearly established that Cripps and plaintiff were fellow-servants throughout. See cases cited under point I, supra. (4) The verdict is excessive, because no other proof of damage was given than the loss of an eye.

*Henry M. Walsh* for respondent.

(1) The question upon which the case seems to hinge as nearly as can be judged from the pleading of the defendant and the evidence offered by it, is whether or not Cripps was the vice principal and if so was the act of Cripps responsible for the injury to the plaintiff; first, by negligently placing or causing to be placed the iron or steel billet which was being made into a crank shaft; second, the order of Cripps to the hammer boy Reinhart to strike with the steam hammer, the billet improperly placed. There seems to be no question as to what Cripps, the hammersmith, did; that is fully set forth in the record. The other witnesses, both for the defendant and the plaintiff, all agreed that Cripps had charge of the work. This being admitted, for it was not in any way denied, we have an almost unbroken line of decisions which then fix

the liability on the defendant, this appellant. Cox v. Granite Co., 39 Mo. App. 424; Carter v. Baldwin, 107 Mo. App. 173; Gormly v. Iron Works, 61 Mo. 492; Meltin v. Railroad, 109 Mo. 350; Dayharsh v. Railroad, 103 Mo. 570; Russ v. Railroad, 112 Mo. 45; Keown v. Railroad, 141 Mo. 86; Donahoe v. Kansas City, 136 Mo. 670; Stube v. Iron & Fdy. Co., 85 Mo. App. 640; Haworth v. Railroad, 94 Mo. App. 215; English v. Rand Shoe Co., 145 Mo. App. 439; Grimley v. Vulcan Iron Works Co., 61 Mo. 492; Hoke v. Railroad, 88 Mo. 360; Foster v. Railroad, 115 Mo. 165; Miller v. Railroad, 109 Mo. 350; Koerner v. St. Louis Car Co., 209 Mo. 159; Schmelzer v. Furniture Co., 134 Mo. 498; John Burkhart v. A. Leschen & Sons Rope Company, 217 Mo. 466; Hoke v. Railroad, 88 Mo. 360; Stephens v. Railroad, 86 Mo. 221; Smith v. Railroad, 92 Mo. 359; Tabler v. Railroad, 93 Mo. 79; Russ v. Railroad, 112 Mo. 45; La Salle v. Kostka, 190 Ill. 130; Sambos v. Railroad, 114 S. W. 569.

ALLEN, J.—This is an action for damages for personal injuries sustained by plaintiff while in the employ of the defendant corporation as its servant. There was a verdict and judgment for plaintiff, and the defendant appealed.

Plaintiff, at the time of his injury, was working as a member of a crew of five men, known as the "hammer crew," in defendant's factory. He was assisting in the making of crank-shafts, which was done by placing a heated billet of metal in a die and causing it to be struck a number of blows by a steam hammer, and was injured by a piece of such heated metal, which was sheared off by the die when the hammer descended, and which flew into his right eye, destroying the sight thereof and requiring its removal.

One Cripps, called the hammersmith, had immediate supervision over the other men engaged with him in doing the work in question. There were the

"heater," who heated the billets at the furnace, plaintiff and one Thomas, who were the hammersmith's helpers, and a youth named Reinhart, who operated the steam hammer.

Upon the occasion in question one of these billets of metal, which it seems was some twenty-six inches long, averaging perhaps four or five inches in diameter, had been heated nearly to white heat by the heater at the furnace. It was to be placed vertically in the die, and, when in proper position, was to be driven into the latter by the hammer. Plaintiff's evidence is that Cripps, who directed the operation, took hold of the billet at the furnace with a pair of tongs, and that plaintiff and Thomas assisted him in lifting it to the die by placing an iron bar beneath the tongs; that under the direction of Cripps it was placed in the die, but was not placed straight, or squarely in position, therein; that Cripps then handed plaintiff and Thomas the tongs, and that they, under Cripps' direction, were attempting, without success, to turn the billet, which was tight in the die, when Cripps told them to take the tongs off and directed young Reinhart to let the hammer descend.

Such is the testimony of plaintiff and other witnesses. And plaintiff testified that he made an effort to tell Cripps that the billet was not in proper position to be struck by the hammer, but did not have time to do so.

While it appears that the upper part of the die, which had what is termed a "toe," was larger than the lower part thereof, and that the metal was hastily drawn over toward this "toe" by a "fuller rod," and that the metal necessarily extended somewhat above the die before being struck by the hammer, plaintiff's evidence tended very strongly to show that the failure to properly place the billet in position caused the upper part of the metal thereof to lap over the die and be sheared off by the latter when the hammer descended.

It appears that in driving such a billet into the die sparks would invariably fly off, which were harmless, but that it was not customary for pieces of the metal to be sheared off and to fly about; and that upon this occasion not only was plaintiff injured by a piece of such flying metal, but that the hammersmith himself was slightly injured in a like manner.

It is strongly urged that the defendant's demurrer to the evidence should have been sustained, but we are not so persuaded. The argument in support of the demurrer appears to disregard the fact that our courts adhere to the doctrine, not universally recognized, that it is the personal duty of the master to direct and control the work, and that if one servant is given power and authority to direct and control other servants, in the performance of some branch of the master's work, the latter is liable for negligence on the part of such superior servant in the exercise of the power and authority thus conferred upon him. That this doctrine is firmly established in this State will appear by reference to a few of the many authorities which might be cited in this connection. [See Moore v. Railroad, 85 Mo. 588; Schroeder v. Railroad, 108 Mo. 322, 18 S. W. 1094; Miller v. Railroad, 109 Mo. 357, 19 S. W. 58; Bane v. Irwin, 172 Mo. 306, 72 S. W. 522; Burkard v. Rope Co., 217 Mo. l. c. 482, 117 S. W. 35; English v. Rand Shoe Co., 145 Mo. App. 451, 122 S. W. 747.]

Undoubtedly the evidence adduced by plaintiff sufficed to justify the submission of his case to the jury upon the theory that plaintiff and Cripps were not mere fellow-servants, but that the negligent act of the latter in causing the billet to be struck when improperly placed in the die was the act of a vice-principal, for which the master is responsible. Touching this matter Cripps' own testimony is that his authority to direct and control extended to everything that went on "around the hammer;" that he directed the hammer-driver and told the helpers what to do; and exercised

general supervision over the "whole gang," with the exception of the firemen who was under the supervision of another. And the evidence is that the superintendent's orders were for the members of this crew to follow the directions of the hammersmith who supervised this branch of the work. And the operator of the hammer says that he operated the same only upon signals or orders from the hammersmith, in accordance with his instructions from the superintendent.

It is true that the dual capacity doctrine is firmly implanted in the law of this State. [See McIntyre v. Tebbets, 257 Mo. 117, 165 S. W. 757; English v. Rand Shoe Co., supra; Mertz v. Leschen & Sons Rope Co., 174 Mo. App. 94, 156 S. W. 807; and authorities referred to in these cases.] And it is also quite true that it is the character of the act, and not alone the rank of the servant, which determines the question of liability or nonliability in a case of this character. [See authorities last above cited.] But here plaintiff's case is bottomed upon a negligent act of the superior servant, committed in the performance of his duties as the *alter ego* of the master. According to plaintiff's evidence, strongly reinforced by that adduced by defendant, Cripps directed the work, and it was he who determined when the metal should be struck by the hammer; and although it was apparent to others (and it said to Cripps also) that the billet was improperly placed in the die, nevertheless he immediately ordered it to be struck, whereby plaintiff was injured. He alone had control over the situation, and his act in the premises is the act of the master. And though he was one of the workmen engaged in this work, and performed manual labor in prosecuting the same, as did plaintiff, the injury was occasioned by an act on his part done in the capacity of a vice-principal. In this respect the facts are unlike those presented in McIntyre v. Tebbetts, supra, where it is held that the act which occasioned the injury was the act of a fellow-servant.

An instruction given for plaintiff is complained of in several particulars. It is needless, however, to prolong the opinion in order to discuss the questions thus raised. We have carefully examined the instruction and we think that appellant's criticisms of it are entirely without merit. While technically it might be improved in form, it is quite clear that it requires the jury to find the facts necessary to a recovery by plaintiff, in accordance with the theory of his case as discussed above, and that no reversible error inheres in it.

A further contention is that the verdict, which was for $5000, is excessive; but in view of plaintiff's loss we would not be justified in disturbing the verdict on this ground.

The judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.

## ON MOTION FOR REHEARING.

ALLEN, J.—It is strenuously urged that we have entirely overlooked the point made by appellant that the instruction given for plaintiff, above referred to (plaintiff's only instruction), is erroneous in respect to the measure of damages. We have not in fact overlooked this attack upon that instruction, but we deemed it unnecessary to discuss the matter.

Plaintiff's said instruction tells the jury that if they find certain facts, then to find for plaintiff, "and assess his damages in such sums as you shall find will compensate him for the loss of his said eye." The petition averred, among other things pertaining to plaintiff's loss, that by reason of the loss of his eye plaintiff had been unable to work for more than four months. There was no proof, however, of loss of earnings. Appellant's contention is, that this instruction authorized a recovery for loss of earnings, with no proof to sustain the same; and that it is otherwise fatally defective in failing to limit the recovery to

the proper elements of compensation which the jury were lawfuly authorized to take into consideration. Appellant relies upon a number of cases not necessary to be here cited, and particularly upon Davidson v. Transit Co., 211 Mo. l. c. 345, 109 S. W. 583. But it is quite apparent that the giving of the instruction in this form, relative to the damages recoverable, was not reversible error. That part of the instruction was good enough in its general scope. [Browning v. Railroad, 124 Mo. l. c. 71, et seq., 27 S. W. 644.] It did not purport to authorize a recovery for loss of earnings. And if appellant desired to have the jury instructed that no recovery could be had for loss of earnings, or to otherwise limit the recovery, it was its duty to ask a limiting instruction, which was not done.

The real point here involved has been recently passed upon by the Supreme Court in King v. St. Louis, 250 Mo. 501, 157 S. W. 498, where the doctrine of the Browning case, supra, is reaffirmed, the court saying, (l. c. 5140): "Mere indefiniteness in a general instruction, when appellant stands mute and asks none, is not reversible error." The same doctrine has been still more recently approved by the Supreme Court in State ex rel. United Railways Company v. Reynolds, 257 Mo. 19, where, on *certiorari* to quash the judgment of this court in Nelson v. United Railways Co., 176 Mo. App. 423, 158 S. W. 446, it was held that we did not err in applying the doctrine of the Browning case where an instruction was objectionable only on the ground that it was too general in form and appellant failed to ask an instruction limiting the effect thereof so that it might not be misunderstood by the jury.

The motion for rehearing is overruled.