NOAH WARRINGTON, Respondent, v. J. H. BIRD, Appellant.

St. Louis Court of Appeals, December 3, 1912.

1. **INSTRUCTIONS: Assuming Existence of Disputed Facts.** It is not error for an instruction to assume the truth of a proposition which is established by the undisputed testimony and appears not to be controverted, but an instruction which assumes the truth of a proposition is erroneous if there is a conflict in the evidence respecting it and the issue as a vital one.

2. ———: ———: **Negligence: Action for Injuries: Assuming Ownership of Instrumentality.** In an action for injuries from an automobile, where the only issue was as to its ownership and control, and the evidence on that issue was conflicting,

168 Mo. App. 25

an instruction, declaring the rule of care with respect to the operation of automobiles in public streets and directing that if "the defendant or his agent, in operating said automobile . . . at the intersection of said streets, on the day alleged in plaintiff's petition, operated the said car without observing the highest degree of care," and collided with plaintiff's horse and buggy, plaintiff could recover, was erroneous, for the reason it assumes that defendant or his agent was operating the automobile.

3. MASTER AND SERVANT: Negligence: Action for Injuries Inflicted by Servant: Instructions. In an action for injuries from an automobile, where the only issue was as to its ownership and control, and the evidence on that issue was conflicting, an instruction, that if "defendant or his agent, in operating said automobile, . . . on the day alleged in plaintiff's petition, operated said car without observing the highest degree of care," and collided with plaintiff's horse and buggy, plaintiff could recover, was erroneous, for the reason it permitted the jury to affix liability against defendant if they found that his agent was operating the machine at the time, without requiring a finding that the agent was operating it for him or in the course of his employment.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields*, Judge.

REVERSED AND REMANDED.

*Bates H. McFarland* and *Jeffries & Corum* for appellant.

(1) An instruction so worded that its language may reasonably be interpreted as assuming certain controverted facts to be true is erroneous. Fullerton v. Fordyce, 121 Mo. 13; Linn v. Bridge Co., 78 Mo. App. 111. (2) An instruction which directs a verdict on the whole case must contain all of the facts essential to the cause of action. Boegeli v. Marble Co., 49 Mo. App. 643; Carder v. Primm, 60 Mo. App. 423; Freeman v. Railway, 95 Mo. App. 103; Miller v. Tel. Co., 141 Mo. App. 462; Fleishman v. Ice Co., 148 Mo. App. 117; Collins v. Tootle Estate, 156 Mo. App. 221. (3) Where a presumption is one of fact the court can-

not instruct that it is raised by law, but should instruct that it is for the jury to decide under the evidence whether they will raise the presumption. . Hamm v. Barrett, 28 Mo. 388; Bluedorn v. Railway, 121 Mo. 27; Morton v. Heidorn, 135 Mo. 616; Sowders v. Railway, 127 Mo. App. 124; Linderman v. Carmin, 142 Mo. App. 528; Advertising Co. v. Publishing Co., 146 Mo. App. 103; Lawson on Presumptive Evidence, p. 659.

*Crittenden Clark* for respondent.

An instruction, correct as far as it goes, is not erroneous because it does not specifically require the jury to find that the negligent act of the servant, was within the scope of his authority. If the defendant considered that a defect in the instruction, it was his duty to supply it by asking an instruction on that subject. Wahl v. Transit Co., 203 Mo. 261.

NORTONI, J.—This is a suit for damages accrued to plaintiff through the alleged negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

It appears plaintiff was driving in a buggy north on Garrison avenue in the city of St. Louis when an automobile, at the crossing on Locust street, collided with his horse and inflicted serious injuries thereto. The buggy was slightly injured as well. The driver of the automobile did not hesitate, but went on with increased speed, supposedly for the purpose of concealing the identity of himself and the ownership of the machine. There is no controversy in the case with respect to the negligence of the driver of the automobile. The evidence all tends to prove that the machine was being operated at about twenty-five miles per hour and no one contradicts it; whereas the speed ordinance prescribes a limit of ten miles per hour. Neither

is there a serious question in the case, as it now appears, touching the negligence of the plaintiff. In fact, the only issue pertained to the ownership or control of the automobile and the person operating it at the time of the injury. The evidence tends to prove that defendant owned the automobile on and before the 15th day of April. Indeed, so much is admitted. However, the collision occurred on July 24 of the same year, and defendant insists that he had sold the automobile theretofore on April 15 and no longer owned or controlled it, and that he had no knowledge of the collision whatever. The only evidence introduced by plaintiff tending to prove the ownership of the automobile of defendant at the time of the injury is that it bore a license plate on the rear, numbered 2839, and the public records in evidence revealed that the license of this number was issued to defendant on the 14th day of April, or, as defendant says, one day before he sold the machine. The statute provides such license may not be transferred to another. Other than the fact that the number on the license plate was identical with that issued to defendant several months before, and the admitted fact that defendant owned the machine until April 15, there is naught in the record to suggest that either he or his chauffer was operating it at the time of the injury. From what has been said, it appears that the only issue in the case pertained to the ownership or control of the automobile and the identity of the person operating it.

For plaintiff, the court gave the following instruction, over defendant's objection and exception:

"It is the duty of persons owning and operating automobiles upon the public streets to use the highest degree of care possible to avoid injuring other persons found on such streets, and if you believe and find from the evidence in this case, that *the defendant or his agent, in operating said automobile in and upon the streets of Garrison and Locust, and at the intersection*

*of said streets, on the day alleged in plaintiff's peti-*
*tion, operated the said car without observing the high-*
*est degree of care,* and that while so operating said
automobile, the said automobile ran into and against
plaintiff's horse and buggy and injured plaintiff's
horse and buggy, and that the plaintiff at the time was
exercising ordinary care, then you will find a verdict
for the plaintiff." (Italics are ours.)

It is argued that this instruction is erroneous, in
that, rather than submitting to the jury the question
as to whether defendant or his agent was operating
the automobile, it assumes such to be the fact, and
proceeds accordingly. The words italicized in the in-
struction above copied are those complained of. Un-
der prior controlling decisions, the argument seems to
be sound and should control the disposition of the
appeal. The instruction first declares the rule of high
care which obtains under our statute with respect to
the operation of automobiles and then tells the jury
that if it believed from the evidence that the defendant
or his agent, in operating said automobile, operated
the same without observing high care, etc., plaintiff
was entitled to recover, provided he was exercising
ordinary care on his part. The words in italics as
employed in the context of the instruction with respect
to the subject-matter of high care seem to assume that
defendant or his agent was operating the automobile
at the time and suggest to the jury that such was the
idea of the court. In view of the fact that the only
issue in the case pertained to the ownership or control
of the machine and the identity of the persons oper-
ating it, for upon this question the evidence was *pro*
and *con,* this instruction is erroneous, in that it seems
to remove that question from the province of the jury
entirely. The court may, in its instructions to the
jury, assume the truth of a proposition which is es-
tablished by the undisputed testimony and appears
not to be controverted, but it is manifestly improper

to do so where there is a conflict in the evidence and the issue is a vital one in the case as here. [See Fullerton v. Fordyce, 121 Mo. 1, 13, 25 S. W. 587. See, also, Linn v. Massillon Bridge Co., 78 Mo. App. 111.] As the liability of defendant depended entirely upon the fact that he, or his agent for him, was operating the automobile at the time, this question should have been submitted in plain terms, and not tacitly assumed, as the instruction reveals.

This instruction is criticized, too, for the reason that it permits the jury to affix liability against defendant if they found that defendant's agent was operating the automobile at the time, without requiring a finding that the agent was operating it for him or in the course of his employment. Obviously, the criticism is a just one, for, though the automobile was being operated by defendant's agent, his liability does not depend upon the mere fact of agency alone, but depends as well upon the fact as to whether plaintiff's injury was received while defendant's agent was acting about the master's business or within the scope of his employment. Especially is this true in view of the evidence and the particular issue in this case, for defendant denied the ownership of the automobile and the control of it through himself or his servant and, indeed, denied any knowledge of the collision whatever.

For the reasons above stated, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.