JOHN T. BELL, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, May 5, 1914.

1. **DAMAGES: Personal Injuries: Instructions: Assumption of Undisputed Fact.** Where, in an action for personal injuries, the undisputed evidence showed that plaintiff was injured, and the cause was tried throughout as though there was no controversy over the fact that plaintiff had received some injury, and the only issue was as to the extent thereof, an instruction on the measure of damages that, if the jury found for plaintiff,

Bell v. United Railways Co.

.they could, in estimating his damages, take into consideration, among other things, "the extent of his injuries," was not objectionable for assuming that plaintiff was injured, since it is not error for an instruction to assume the truth of a proposition which is .established by the undisputed testimony and which appears to be uncontroverted.

2. INSTRUCTIONS: Assumption of Undisputed Facts. It is not error for an instruction to assume the truth of a proposition which is established by the undisputed testimony and which appears to be not controverted.

3. DAMAGES: Personal Injuries: Limitation of Damages: Petition Construed. A petition, in an action for personal injuries, which alleged that plaintiff had "been put to great expense, to-wit, more than $500, in procuring medical and surgical services and in the loss of about one year's time from his business," does not limit the amount of loss on these two items to $500.

4. ———: ———: ———: Appellate Practice: Nonprejudicial Error. In an action for personal injuries, where there was evidence to support a substantial recovery on every element of damages submitted in the instruction on the measure of damages, *held* that the mere fact that such instruction failed to prescribe a limit of recovery on two of such elements, to the amount demanded therefor in the petition was not reversible error, under Sec. 2082, R. S. 1909 (even though the petition could be construed as limiting the recovery on such elements), since such failure did not operate to inflate the verdict.

6. ———: ———: ———: Waiver of Generality. Where, in an action for personal injuries, the instruction on the measure of damages is correct in its general scope, defendant will be regarded as having waived his right to complain of the failure of such instruction to limit the recovery on the several items of damage to the amount demanded therefor in the petition, if he omits to ask a limiting instruction.

7. ———: ———: Excessiveness of Verdict. In an action for personal injuries, *held* that a verdict for plaintiff for $7500 was not excessive.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen,* Judge.

AFFIRMED.

*Boyle & Priest* and *S. P. McChesney* for appellant.

(1) The court erred in giving plaintiff's instruction number 2, on the measure of damages—Because said instruction, and particularly the following, "his loss of time, his bodily and mental suffering, his expenses incurred in and about attempting to cure himself, the extent of his injuries," assume as facts matters that were disputed in evidence and should have been properly hypothesized so that the jury could pass upon them. Fullerton v. Fordyce, 121 Mo. 1; Davidson v. Transit Co., 211 Mo. 357; Freeman v. Railroad, 95 Mo. App. 104; Warrington v. Bird, 168 Mo. App. 390. Because that part of the instruction, particularly the following, "his loss of time . . . his expenses incurred in and about attempting to cure himself," should have been limited to the allegation in the petition to "more than $500," which we take to mean "approximately or about $500." Radke v. Box Co., 229 Mo. 1; Smoot v. Kansas City, 194 Mo. 522; Finley v. Railroad, 238 Mo. 15, 16; Heinz v. Railroad, 143 Mo. App. 38; Tinkle v. Railroad, 212 Mo. 471. Because the loss of time should have been limited to the allegation in the petition, which states a loss of about one year's time. Radke v. Box Co., 229 Mo. 1; Smoot v. Kansas City, 194 Mo. 522; Finley v. Railroad, 238 Mo. 15, 16; Heinz v. Railroad, 143 Mo. App. 38; Tinkle v. Railroad, 212 Mo. 471. Because that portion of the instruction, particularly the following, "his expenses incurred in and about attempting to cure himself," are entirely too broad, in that they should be limited to the reasonable expenses incurred. Smoot v. Kansas City, 194 Mo. 527; Grattan v. Suedmeyer, 144 Mo. App. 726; Freeman v. Railroad, 95 Mo. App. 104. Because that portion of the instruction, particularly the following, "his expenses incurred in and about attempting to cure himself," is so broad as to allow a recovery for any expense pertaining to a cure, including medicines which

were alleged in the petition, but upon which no evidence was offered, and no proof had. (2) Because the verdict of the jury for $7500 is excessive.

*Thomas B. Crews* for respondent.

(1) The court did not err in giving plaintiff's instruction number 2—Because said instruction does not in truth assume any fact, but, on the contrary, leaves the jury to draw its conclusions from the evidence. The jury is instructed that it ''may, in estimating his damages, take into consideration all the facts and circumstances as detailed in evidence; . . . and allow him therefor such sum as they may believe from the evidence he has been damaged as shown in the evidence, not exceeding fifteen thousand dollars.'' Klutts v. Railroad, 75 Mo. 642; Taylor v. Iron Co., 133 Mo. 349; Feary v. O'Neill, 149 Mo. 467; R. S. Mo. 1909, Secs. 1850, 2081. Because, even if its language could be construed as assuming the existence of any fact, or facts, they are not matters disputed in evidence. There was no evidence offered by defendant relating to plaintiff's loss of time, bodily and mental suffering, his expenses incurred, nor was it disputed, in the evidence, that he was injured. The most that appellant can say on this point is that one of his many alleged injuries, or the extent of his injuries, was disputed in evidence. Moreover instruction No. 1, given at defendant's request, assumed the existence of plaintiff's injuries. Warrington v. Bird, 168 Mo. App. 389; Murphy v. Railroad, 168 Mo. App. 588; Fullerton v. Fordyce, 121 Mo. 1; Davidson v. Transit Co., 211 Mo. 359; Taylor v. Iron Co., 133 Mo. 365; Fullerton v. Fordyce, 121 Mo. 1; Klutts v. Railroad, 75 Mo. 647. Because the instruction objected to in this case is identical in terms with instruction number 4 in the case of Maxwell v. Hannibal & St. Joe Ry.

Co., 85 Mo. 95, which instruction was affirmatively approved in that case, and, although that case has been often cited, said instruction has never been criticised in the appellate courts. Maxwell v. Railroad, 85 Mo. 95. Other similar instructions have been approved: Taylor v. Iron Co., 133 Mo. 349; Waldheir v. Railroad, 87 Mo. 48; Furnish v. Railroad, 102 Mo. 443. The contention of appellant that the words in said instruction "his loss of time . . .., his expenses incurred in and about attempting to cure himself," should have been limited to approximately or about $500, or to one year of time, is not well taken. The petition alleged—and any other reading of it must be hypercritical—loss of time and money prior to the filing, and in the future, as consequences of the injuries and both were sustained by the evidence, and were not disputed anywhere in the evidence. Heinz v. Railroad, 143 Mo. App. 42; Lindsey v. Kansas City, 195 Mo. 166; Tandy v. St. Louis Transit Co., 178 Mo. 240; Shinn v. Railroad, 248 Mo. 173; McManama v. United Railways, 158 S. W. 442. If it is the contention or theory of appellant that the petition contains two counts, or a number of counts, and that separate findings should have been made, i. e., on medical expenses, and one or more other injuries, the complaint comes too late because no instruction was asked for such separate finding or verdict, and no complaint on this score was made in the motion for new trial. Kansas City Hotel Co. v. Sigement, 53 Mo. 176; R. S. Mo. 1909, sec. 2082; King v. St. Louis, 157 S. W. 498; Shinn v. Railroad, 248 Mo. 173; Cartwright v. Culver, 74 Mo. 179; Orr v. Rode, 101 Mo. 399; Hoke v. Central, 194 Mo. 584; Jordan v. Transit Co., 202 Mo. 418; Finnell v. Street Ry. Co., 159 Mo. App. 522. In answer to appellant's complaint that the instruction mentioned is "too broad," a casual inspection of its language should sufficiently answer that criticism. It was not mandatory. The instruction throughout told the jury they

may, in estimating plaintiff's damages, consider the facts and circumstances detailed in evidence, . . . and allow him therefor such sum as they may believe, from the evidence, he has been damaged "as shown in the evidence," not exceeding fifteen thousand dollars. McManama v. Railway Co., 158 S. W. 442; Jennings v. Swift, 130 Mo. App. 391; Davidson v. Transit Co., 211 Mo. 362; Taylor v. Iron Co., 133 Mo. 364; Maxwell v. Railroad, 85 Mo. 95; Tirry v. Hogan, 181 Mo. App. 48; Browning v. Railroad, 124 Mo. 55. There was evidence of expenses for medicines by plaintiff. Young v. Street Ry. Co., 126 Mo. App. 1. But, in any event, the point cannot now be considered because, among other reasons, the attention of the trial court was not called to it in motion for new trial. Blakely v. Railroad, 79 Mo. 388; Ringo v. Railroad, 91 Mo. 667; Stone v. Wolfskill Bros., 59 Mo. App. 441. (2) The objections urged by appellant to this instruction are untenable, but, in any view of the case, they come too late. Appellant asked no specific instructions on the measure of damages. Tandy v. Transit Co., 178 Mo. 240; Jennings v. Swift, 130 Mo. App. 391; Matthews v. Railroad, 142 Mo. 665, 666; First Nat. Bank v. Ragsdale, 171 Mo. 186; Tetherow v. Railroad, 98 Mo. 74; Norris v. Railroad, 239 Mo. 717; United States Smelting Co. v. Parry, 166 Fed. 407. Even though it were considered that the instruction is subject to some criticism—not of the most approved diction, not happily worded—this would not constitute reversible error under the pleadings and evidence in this case. Decatur Bank v. St. Louis Bank, 21 Wallace (88 U. S.) 294; Tirry v. Hogan, 181 Mo. App. 48; Waldheim v. Railroad, 87 Mo. 48; McManama v. Railways Co., 158 S. W. 442. (3) The verdict of the jury for $7500 is not excessive. Whenever the verdict does not on its face appear to be the result of passion or prejudice, it is wholly within the province of the jury. Gurley v. Railroad, 104 Mo. 211; Waldheim v. Railroad, 87 Mo. 37; Fur-

nish v. Railroad, 102 Mo. 438; Whalen v. Railroad, 60 Mo. 323; Pry v. Railroad, 73 Mo. 123; Railroad v. Hadley, 170 Ind. 204. There is nowhere in the case manifestation of passion or prejudice on the part of the jury, and there was no complaint during the trial, nor in the motion for new trial, of any unfair act or of any circumstance displaying passion or prejudice.

NORTONI, J.—This is a suit for damages accrued to plaintiff through the alleged negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff, a passenger on one of defendant's street cars, while alighting therefrom was precipitated into the street, and thus received his injuries. The evidence for plaintiff tends to prove that he had notified the conductor of his destination, and, upon the car stopping there, went to the rear platform to disembark. While in the act of alighting from the car, the conductor caused it to start forward with great force, so as to occasion the injuries complained of. On the part of defendant, the evidence tends to prove that plaintiff voluntarily stepped off of the moving car under circumstances which would cast no liability on defendant for his injury.

The questions of defendant's negligence and that pertaining to the conduct of plaintiff were submitted to the jury under instructions in nowise complained of, as was also the fact with respect to the manner of plaintiff's receiving his injuries. It appears from the evidence that plaintiff's injuries were not only painful but of a serious nature and permanent in character as well.

The argument advanced here for a reversal of the judgment proceeds alone on plaintiff's instruction on the measure of damages. The instruction complained of is as follows:

"If, under the evidence and the other instructions given in this case the jury find for the plaintiff, they may, in estimating his damages, take into consideration all the facts and circumstances as detailed in evidence; his loss of time, his bodily and mental suffering, his expenses incurred in and about attempting to cure himself, the extent of his injuries, and whether they are permanent in their nature, and allow him therefor such sum as they believe from the evidence he has been damaged as shown in the evidence, not exceeding fifteen thousand dollars."

It is urged that this instruction is prejudicial to defendant, in that it assumes an issuable fact in the case—that is, that plaintiff was injured—without requiring a finding by the jury with respect to that matter. The instruction directs that "if under the evidence and the other instructions in this case the jury find for the plaintiff, they may, in estimating his damages, take into consideration all the facts and circumstances as detailed in evidence, his loss of time, his bodily and mental suffering, his expenses incurred in and about attempting to cure himself, the extent of his injuries, etc., etc." It is said that the words, "if any" should have been incorporated after the words "the extent of his injuries" and that by omitting such words, "if any" the court assumed that plaintiff was injured, so as to direct the jury peremptorily thereabout without requiring a finding of the fact.

It may be said of this argument, touching the matter of assuming that plaintiff suffered injuries, that such fact was expressly submitted to the jury for a finding by the first instruction given, and it appears from the verdict the jury found the issue concerning it in favor of plaintiff. However, the case of Fullerton v. Fordyce, 121 Mo. 1, 12, 13, 14, 25 S. W. 587, is relied upon to support the argument against this instruction for a reversal of the judgment. So, too, is that of Warrington v. Bird, 168 Mo. App. 385, 151 S. W. 754.

But it is clear enough that the question here made is in nowise similar to the proposition determined in the authorities referred to. The case of Fullerton v. Fordyce, supra, is more nearly in point, and it will suffice to distinguish the instant case from that alone, for if the proposition advanced is controlled by the judgment of the Supreme Court in the latter case, it is certainly remote to the rule asserted in the other authorities relied upon.

In Fullerton v. Fordyce, there was evidence on the part of plaintiff tending to prove that he received injuries through the negligence of defendant. On the other hand, there was evidence on the part of defendant tending to prove that plaintiff had received no such injuries whatever. The physicians giving evidence for defendant in that case testified, to quote from the opinion, "that they could find no symptom of rupture, or injury to the spine, and gave it as their opinion that the sores on the hip were only skin deep, *and were caused intentionally by applications of some kind.*" (The italics are our own.) It thus appears that there was a sharp issue in that case as to whether or not plaintiff had been injured at all by the fault of defendant, and the evidence was pro and con concerning it. In instructing the jury on the measure of damages, the court directed, among other things, as follows: "You will also take into consideration the present and prospective condition of his rupture, if you believe from the evidence that he was ruptured, and of the injuries to *his hips and spine resulting* from the accident, etc., etc." The court condemned this instruction because, while it submitted to the jury the condition of plaintiff's alleged rupture, if any, it assumed, without so submitting, that he had received "injuries to his hips and spine resulting from the accident." Touching that matter, the court said the instruction took the issue concerning the injury to his hips and spine entirely away from the jury and that such was a vital issue in

the case upon which the evidence was conflicting and irreconcilable.

Obviously, if the fact that plaintiff was injured at all in the instant case were controverted at the trial, as it was in Fullerton v. Fordye, supra, the instruction above set forth would fall within the condemnation of the Supreme Court above pointed out. But this case is to be distinguished from that one, in that here no one controverts the fact that plaintiff received injuries at the time and place in question and from being precipitated into the street from the car. The only controversy touching the matter of plaintiff's injuries in the instant case relates to the extent of the injuries received by him and not to the fact that he was injured. The record abounds with evidence that plaintiff received several injuries, one of which was more severe than the others, and it is said permanent in character. No witness for defendant disputes the fact that plaintiff was injured, but an expert physician, who had examined him a few days before the trial, testified to the effect that in his opinion one of the injuries complained of was not traumatic in character but resulted rather from senility. The case was tried throughout as though there was no controversy over the fact that plaintiff received some injuries and it, therefore, appears the instruction above set forth in nowise assumes a controverted fact in the case touching this matter. While it may be the instruction assumes, in that it omits to call for a finding, that plaintiff was injured, it clearly submits the extent of his injuries to the jury. This was entirely proper, for the fact of injury was not controverted, and the question in issue and on which the expert testified in favor of defendant related to the extent of plaintiff's injuries and did not touch upon the matter nor controvert the fact that he had received injuries in the manner charged.

It is an established rule of decision, recognized, too, in the leading case relied upon by defendant here, that the court may, in its instructions to the jury, assume the truth of a proposition which is established by the undisptued testimony and appears not to be controverted. [See Fullerton v. Fordyce, 121 Mo. 1, 13, 25 S. W. 587; Warrington v. Bird, 168 Mo. App. 385, 151 S. W. 754.] This being true, the court in nowise erred in assuming the fact that plaintiff received injuries, for the evidence is not only abundant but undisputed to that effect, and so much seems to be conceded. The only point, as before said, about which there is a conflict in the evidence is the extent of the injuries received, and this was submitted to the jury for its finding thereon. Moreover, it may be said of this instruction that it has been expressly approved in the form given by the Supreme Court in Maxwell v. Hannibal, etc., R. Co., 85 Mo. 95, 101. However, it was not challenged in that case for the reasons here involved.

There is evidence tending to prove that plaintiff paid his physician $75 and also purchased and used medicines while suffering from his injuries. It is argued the instruction is too broad in permitting a recovery for expenses incurred in and about attempting to cure himself, in that such recovery would allow compensation for medicines as well, and that nothing appears in the evidence touching the subject of medicine. This is a manifest error of fact on the part of counsel, for the evidence reveals the contrary.

The petition avers that because of his injuries plaintiff "has been put to great expense, to-wit, more than $500, in procuring medical and surgical services and in the loss of about one year's time from his business." It is argued the instruction should be condemned because it does not limit the right of recovery for his loss of time and his expenses incurred in and about attempting to cure himself, to the sum of

$500. This argument proceeds on the theory that the petition so limits the right of recovery with respect of these items, but obviously such is not true. The averment is that plaintiff suffered damages in an amount "more than $500" and in nowise prescribes such as the entire amount of loss suffered for which he seeks compensation on account of those elements of damage.

Furthermore, there is an abundance of evidence in the record to support a substantial recovery upon every element of damage submitted in the instructions. This being true, the mere fact that the instruction fails to prescribe a limit of recovery on each separate item of damage is not to be taken, in and of itself, as reversible error under the more recent decisions of the Supreme Court. Reversible error is bound to be error materially affecting the merits of the action—this, too, in the belief of the reviewing court. [See Sec. 2082, R. S. 1909.] Under this statute reversible error excludes the consideration of any error or defect not affecting the substantial rights of the complaining party. The rule obtains alike in cases of this character where the instruction omits to limit the recovery on some item or items of damage set forth to the amount stated on that particular item in the petition as in other cases. [See Shinn v. U. Rys. Co., 248 Mo. 173, 181, 182, 154 S. W. 103.] We do not believe that the failure of the court to limit the amount of recovery to $500 on account of plaintiff's loss of time and his expenses incurred in and about attempting to cure himself in anywise materially affected the merits of the action or impinged the substantial rights of defendant. In other words, we do not believe, on reviewing the evidence, that the general character of this instruction operated to inflate the verdict in any amount.

Moreover, the instruction submits no element of damage to the jury which is not amply supported by the evidence, and it appears to be well enough in its

general scope, that is to say, it is not erroneous as mis-direction for incorporating an element of damage not authorized to be considered on the evidence. The complaint against it now under consideration goes to the effect alone that a limitation of $500 is not therein prescribed on the right to recover for loss of time and expenses incurred in and about attempting to effect a cure. By the concluding lines of the instruction, the recovery is limited so as not to exceed $15,000—that is, the amount prayed for in the petition. It would seem that such is sufficient. We are to be guided by the last previous decision of the Supreme Court touching the matter of instructions on the measure of damages in suits for damages on account of personal injuries received through the negligence of another. According to these decisions, if it appears, as it does here, that the instruction is well enough in its general scope and not erroneous in incorporating and authorizing a recovery on some element of damage not authorized, the defendant must be regarded as having waived its right to complain on appeal, if it omits to ask a limiting instruction at the time. [See King v. City of St. Louis, 250 Mo. 501, 157 S. W. 498; State ex rel. U. Rys. Co. v. Reynolds, 257 Mo. 19, 165 S. W. 729. See, also, Nelson v. U. Rys. Co., 176 Mo. App. 423, 158 S. W. 446.] Defendant requested no such instruction. What has been said covers and disposes of other arguments advanced against the same instruction.

Upon considering the evidence and the character of injuries as found by the jury, we do not regard the verdict as excessive. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.