JENNIE O'HARA, Respondent, v. LAMB CONSTRUCTION COMPANY, Appellant.

St. Louis Court of Appeals.    Opinion Filed November 6, 1918.

1. **COURTS: Appellate Courts: Opinions: Obiter Dicta.** Language used in Johnson v. Dixie Mining Co., 171 Mo. App. 134, to the effect that where a husband or wife is suing under sections 5426 and 6427, Revised Statutes 1909, the damages must be pleaded and proved in order to recover, is *obiter dicta.*

2. ——: ——: Opinions of Court of Appeals: Approval by Supreme Court: Effect. From the fact that the conclusion of a Court of Appeals in affirming a judgment of the lower court was approved by the Supreme Court, it by no means follows that all the language used in the opinion of the Court of Appeals has the approval of the Supreme Court.

3. ——: ——: Opinions of Supreme Court: Language not Concurred in: Not Binding. The Court of Appeals is not bound by language employed by the writer of an opinion of the Supreme Court in which other members of the court did not concur.

4. APPELLATE PRACTICE: Review: Pleading: Sufficiency of Petition: Presumptions. Where a petition is not attacked below, either by demurrer or objection to the introduction of evidence, as failing to state a cause of action, every reasonable inference will be indulged in its favor on appeal, and it will be *held* sufficient to support the judgment if by fair intendment it impliedly states a cause of action.

5. DEATH BY WRONGFUL ACT: Action by Widow for Death of Husband: Pleading: Sufficiency of Petition. In an action by a widow for the death of her husband, under sections 5426, 5427, Revised Statutes 1909, the failure of the petition to refer to minor children of plaintiff and deceased is not vulnerable to attack on appeal as for a total failure to state a cause of action; the wife being entitled under such statute to bring the action within six months after the death though there be minor children and the suit was brought in ample time.

6. MASTER AND SERVANT: Death of Employe: Contributory Negligence: Question for the Jury. Evidence reviewed, and *held* that the question of the negligence of the deceased was one to be referred to the jury.

7. DEATH BY WRONGFUL ACT: Action by Widow for Death of Husband: Presumption. Where a widow is suing for the death of her husband under sections 5426, 5427, Revised Statutes 1909, the law will imply some pecuniary loss to her by reason of the negligent killing of her husband.

8. APPELLATE PRACTICE: Instructions: Review: Harmless Error. And in such action the giving of an instruction assuming the cable to be defective was harmless, where the defective condition of the cable was not really in dispute, but was admitted by defendant's manager in testifying for defendant.

9. TRIAL PRACTICE: Instructions: Measure of Damages: Necessity of Request. Where an instruction given on the measure of damages was good in its general scope, if the defendant desired that the jury be more explicitly directed in the matter of determining the amount which could be properly allowed plaintiff, it was defendant's duty to ask a limiting or qualifying instruction.

10. **DAMAGES: Excessive Damages.** A verdict for $7500 in an action by a widow for the negligent killing of her husband under sections 5426, 5427, Revised Statutes 1909, *held* not excessive.

Appeal from the Circuit Court of St. Louis County.— *Hon. G. A. Wurdeman,* Judge.

AFFIRMED.

*Jones, Hocker, Sullivan & Angert* and *Ernest A. Green,* for appellant.

(1) Plaintiff's petition wholly fails to state a cause of action. It does not aver any damages as having been sustained by the plaintiff, nor does it disclose the names of those for whom the plaintiff sues as trustee, neither does it aver that it was filed within the statutory period. Abstract, pp. 2-5; Marques v. Koch & Kost, 176 Mo. App. 154; Troll v. Gas Light Co., 182 Mo. App. 600; Chandler v. Railroad, 251 Mo. 600; Barker v. Railway Co., 91 Mo. 86; Smelser v. Railroad, 262 Mo. 25; Boyd v. Railroad, 155 S. W. 13; Railroad v. McGinnis, 228 U. S. 173; Railroad v. Daugherty's Admr., 155 S. W. 1119; Rich v. Railroad, 148 S. W. 1011. (2) The court erred in refusing to give the peremptory instruction asked by the defendant at the close of the plaintiff's case and also at the close of all the evidence. The deceased was guilty of such contributory negligence as to bar any recovery herein as a matter of law. Abstract, pp. 45, 62; O'Hara v. Lamb Cons. Co., 197 S. W. 163; Reynolds v. City Ice & Storage Co., 184 S. W. 934; Trainer v. Mining Co., 243 Mo. 359; Neil v. Pryor, 180 S. W. 407; Marshall v. Press Co., 69 Mo. App. 256; Cauble v. Kirkbride, 117 Mo. App. 417; Whaley v. Coleman, 113 Mo. App. 599; Smelser v. Railroad, 262 Mo. 43; Huss v. Bakery Co., 210 Mo. 44; Buckner v. Horse & Mule Co., 221 Mo. 700. (3) Plaintiff's first instruction is erroneous; it attempts to cover the whole case and authorizes a verdict for the plaintiff, without requiring a finding on the part of the jury that the plaintiff was damaged as a result of the death of Michael O'Hara. Abstract, pp. 63-64; Authorities cited under point 1, supra; Fullerton v. Fordyce, 121 Mo. 13; Hall

v. Railroad, 74 Mo. 302; Barr v. Armstrong, 56 Mo. 589; Caldwell v. Stephens, 57 Mo. 595; Glover v. Railroad, 129 Mo. App. 575. (4) Plaintiff's instruction numbered 2 is erroneous, as it assumes that the rope "was old, weak and worn out," which was one of the issues in the case. Abstract, p. 65; Baker v. City of Independence, 106 Mo. App. 510; Waters v. Kansas City, 94 Mo. App. 416; Gessner v. R. R. Co., 132 Mo. App. 584; Kansas City Southern R. Co. v. Williams, 111 S. W. 196. (5) Plaintiff's instruction numbered 5 does not correctly declare the measure of damages in this case, and, further, there is no evidence in this case on which to base same. Abstract, p. 66; McGowan v. St. Louis Ore & Steel Co., 109 Mo. 518; Calcaterra v. Iovaldi, 123 Mo. App. 354. (6) The court erred in not rebuking counsel for the plaintiff for his improper and prejudicial argument herein. Abstract, pp. 67-68; Cyc, Vol. 38, p. 1487; Jones v. Murray, 167 Mo. 25; Neff v. Cameron, 213 Mo. 350; Koch v. Hebel, 32 Mo. App. 103. (7) The damages recovered by the plaintiff are grossly excessive, since there was no evidence whatever of pecuniary loss on the part of the plaintiff. Bagley, Admr., v. St. Louis, 268 Mo. 264.

*T. J. Rowe* for respondent.

ALLEN, J.—This is an action prosecuted under sections 5426 and 5427, Revised Statutes 1909, by the widow of Michael O'Hara, deceased, to recover damages for the death of said Michael O'Hara alleged to have been caused by the negligence of the defendant corporation. The cause has been twice tried below, and this is its second appearance in this court. The first trial resulted in a judgment in plaintiff's favor, in the sum of $5000, which was set aside by the trial court. Upon plaintiff's appeal that ruling was affirmed by this court (see opinion of REYNOLDS, P. J., in O'Hara v. Lamb Construction Company, 197 S. W. 163). A new trial resulted in a verdict and judgment for plaintiff in the sum of $7500 from which the defendant prosecutes this appeal.

On May 14, 1914, Michael O'Hara was in the employ of the defendant performing certain duties for it in connection with the operation of a quarry about two hundred feet in depth. He was standing upon a ledge about sixteen feet from the bottom of the quarry, and engaged in "steadying" a box filled with rock which was being hoisted out of the quarry by means of a steel cable, when the cable broke causing the box to fall upon him, whereby he received injuries from which he died on the same day. The facts will be found more fully set forth in the opinion on the former appeal, referred to above. The defendant is charged with negligence in furnishing and using a cable, for the purposes aforesaid, which was "old, weak, wornout and unsafe for use," which defects were known to it; and the evidence abundantly supports these averments of the petition.

## I.

The first point made by appellant's learned counsel is that the petition wholly fails to state a cause of action in that it does not aver that plaintiff sustained loss or damage by reason of the death of her husband. It is true that plaintiff does not in direct terms plead that she sustained a pecuniary loss in the premises. The petition begins by averring that "plaintiff is the widow of Michael O'Hara, deceased," and then proceeds with allegations as to the facts and circumstances surrounding the death of Michael O'Hara and the alleged negligence of defendant, concluding with a prayer for judgment.

In support of the argument of appellant's counsel that the petition is fatally defective in the respect mentioned, we are referred to language in the majority opinion of the Springfield Court of Appeals in Johnson v. Mining Co., 171 Mo. App. 134, 156 S. W. 33, where (l. c. 143) it is said: "The courts of this State have uniformly held that sections 5426 and 5427 are in no sense penal, but purely compensatory. For that reason the husband or wife suing under this section must show the pecuniary loss and the damages must be pleaded

and proved in order to recover; so, also, must the minor child or minor children show a pecuniary loss; and much more so must the father and mother of a minor child or the father and mother or brothers and sisters of an adult show this pecuniary loss, because as to the last two classes the presumption of law which attaches to the husband or wife or to the minor children does not obtain.''

As to this language we need only observe that in so far as it purports to state what is necessary, as matter of pleading and proof, in a case brought under this statute by a widow for the negligent killing of her husband, it is *obiter dicta* and affords no authority for appellant's contention. In the Johnson case the suit was not one by a widow, but was prosecuted by an administrator, and there was no allegation in the petition of the existence of next of kin. The case went on certification to the Supreme Court where the conclusion reached by the majority of the Springfield Court of Appeals, affirming the action of the trial court in sustaining a demurrer to the petition, was approved. [See Johnson v. Dixie Mining Co., 187 S. W. 1.] But it by no means follows that the language quoted supra has the approval of the Supreme Court.

Appellant also relies upon language used in the opinion of the Supreme Court (Division No. 2) in Smelser v. Railroad, 262 Mo. 25, 1. c. 42, 170 S. W. 1124. In that case, as in the Johnson case, the suit was one by an administrator, and the question now before us was not therein involved. But irrespective of this, it is to be noted that the language of the opinion upon which appellant relies is, in any event, but the expression of the individual views of the learned author thereof; for it will be observed that in that portion of the opinion the other members of that division of the Supreme Court did not concur. Consequently, while we have much respect for the individual views of the learned member of our Supreme Court who wrote the opinion in the Smelser case, we are in no way bound by the language thus employed.

It is quite true that under section 5427 the damages recoverable are such as the jury may "deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue," etc; and that the plaintiff in such action must bring himself within the purview of the statute. We are of the opinion, however, that where the suit is prosecuted by the widow, as here, a petition which, so far as concerns the pecuniary loss suffered, alleges merely plaintiff's relationship to the deceased, is not fatally defective at least after verdict. Whether such a petition is demurrable we need not say. It was the legal duty of Michael O'Hara to support his wife and minor children; and the law, we think, will imply pecuniary loss to the plaintiff arising from the relationship of the parties. [In this connection see Cooley v. Dunham; 196 Mo. App. 399, 1. c. 407, 195 S. W. 1058.] By reasonable inference and fair intendment the petition before us may be taken as charging that plaintiff suffered the loss of such support by reason of the negligent killing of her husband. And it is a trite doctrine that where, as here, a petition is not attacked below, either by demurrer or objection to the introduction of evidence, as failing to state a cause of action, every reasonable inference will be indulged in its favor on appeal, and it will be held sufficient to support the judgment if by fair intendment it impliedly states a cause of action.

It is contended by appellant's learned counsel that the petition is fatally defective in that it makes no reference to the minor children of plaintiff and deceased, whereas the evidence disclosed that the deceased left surviving him three young children born of his marriage with plaintiff. But we perceive no merit in this contention. By the terms of the statute the widow is entitled to prosecute the action within six months after the death, though there be minor children. And plaintiff instituted the suit within the required time, and thus appropriated the cause of action. If, as a matter of good pleading, the petition ought to have contained appropriate allegations as to the existence of minor

children, as bearing upon the pecuniary loss suffered, which we need not decide, the lack of such averments does not render the petition now vulnerable to attack as for a total failure to state a cause of action.

It is further contended that the petition is fatally defective for the reason that it does not in terms allege that the action was brought within six months after the death of Michael O'Hara. This contention is obviously without merit. The record shows that the suit was instituted on June 18, 1914; and the petition alleges that Michael O'Hara came to his death on May 14, 1914. Manifestly this suffices to show that the suit was brought in ample time; and the record discloses that at the trial below counsel in open court admitted "that this suit was filed within the proper time."

## II.

Error is assigned to the action of the trial court in refusing to peremptorily direct a verdict for defendant upon the ground that the deceased was shown to have been guilty of such contributory negligence as to bar a recovery herein.

There is no dispute as to defendant's negligence in the premises. It fully appears that defendant's vice-president and general manager, in charge of the quarry, knew that this cable was in bad condition; that there was a weak spot therein where a strand or strands of the wire composing the cable had been broken; and a new cable had been ordered to take the place of this old one. The evidence is that the new cable arrived a few minutes after the casualty. It also appears that the weak spot was about twenty feet from the drum upon which the cable was wound when lifting the boxes out of the quarry, and that consequently after a few coils of the cable had been wound upon the drum there was no danger from this weak spot. Although the old cable was thus defective, it appears that the manager, after examining it, was of the opinion that it would hold for the time being, and hence it was used awaiting the arrival of the new cable.

The argument advanced by counsel in support of this assignment of error is predicated upon evidence, adduced by defendant upon this trial, to the effect that prior to O'Hara's injury, either on the day of the casualty or on the previous day, defendant's manager sent down a note to O'Hara, while the latter was upon this ledge in the quarry, telling him that there was "a bad spot in the rope" and to "keep the men out from under the box." And defendant's manager says that he had also told O'Hara orally, before the latter entered the quarry on the morning of the day upon which he was injured, that the rope had a bad spot in it.

Taking this evidence at its full face value, for our present purposes, we think that it cannot be said, as a matter of law, that under the circumstances a reasonably prudent man would not have continued in the work in which O'Hara was engaged, so far as the evidence discloses the manner in which he performed such work and his movements at the time of his injury. No witness who testified actually saw the box fall upon O'Hara, or saw his position or movements immediately prior thereto. The injuries which he sustained, which proved fatal, were to his legs, both of which were crushed. It appears that to draw the box to the ledge, O'Hara used a rope, one end of which was fastened to the chain upon the box at the bottom of the quarry; but that when the box had been brought to the ledge he "steadied" it with his hands. It was not necessary or customary for one to stand directly under the box to thus "steady" it, but to stand at the side thereof, near enough to reach it. Apparently O'Hara did not place himself directly beneath the box; though in some manner not explained by the evidence. (whether by the toppling of the box to one side, in falling, due to the nature of its load, or otherwise) it appears that he was thrown down and that his legs were caught beneath the box and crushed. Evidently defendant's manager did not anticipate danger to O'Hara in performing this work upon the ledge; though by his note he cautioned the latter,

who was a foreman, to see that the men below were kept from under the box. In the state of the record before us, we cannot say that O'Hara was negligent, as a matter of law, in attempting to perform this work at all under the circumstances. And in the absence of any evidence tending to show that he unnecessarily exposed himself to danger by the position which he assumed or his movements in performing the work, we think that the question of his negligence was one to be referred to the jury.

## III.

The first instruction given in plaintiff's behalf is assailed upon the ground that it fails to require a finding on the part of the jury that plaintiff was damaged as a result of the death of her husband. As said above, we think that the law will imply a pecuniary loss to plaintiff by reason of the negligent killing of her husband, and that consequently this instruction does not omit any element necessary to be found by the jury in order to entitle plaintiff to a verdict in some amount; and an instruction was given on the measure of damages, to be noticed later, under which the jury were required to find that plaintiff suffered a pecuniary loss, and the extent thereof, in order to return a verdict for substantial damages. We consequently rule this assignment of error against the appellant.

## IV.

Plaintiff's instruction No. 2 is challenged. This instruction begins by telling the jury that "even though Michael O'Hara did know that the steel wire hoisting rope furnished by the defendant was old, weak and worn out, still the plaintiff is entitled to recover," etc. The point made against the instruction is that it assumes that the cable in question was "old, weak and worn out." Whether the wording of this portion of the instruction is such as to bring it under the ban of the rule invoked by appellant, it is scarcely necessary

for us to say. The fact that the cable was in bad condition, or "old, weak and worn out," was not really a matter in controversy at all, though plaintiff's main instruction required the jury to so find. There was no dispute whatsoever at the trial as to this. Indeed the testimony of defendant's manager constitutes a full and complete admission as to the defective condition of the cable and the witness's prior knowledge thereof. Under the circumstances the error, if any, in the wording of this instruction cannot be said to have been prejudicial. [See Hartpence v. Rogers, 143 Mo. 623, loc. cit. 636, 45 S. W. 650; Bell v. United Rys. Co., 183 Mo. App. 334, 166 S. W. 1100; Gillogly v. Dunham, 187 Mo. App. 551, loc. cit 559, 174 S. W. 118; Sotebier v. Transit Co., 203 Mo. 702, loc. cit. 714, 102 S. W. 651; Owens v. Fanning, 205 S. W. 69.]

## V.

Plaintiff's instruction on the measure of damages is also assailed. This instruction is as follows:

"The Court instructs the jury that if they find for the plaintiff they will give her a verdict for such damages, not exceeding ten thousand dollars ($10,000), as you may from the evidence deem a fair and just compensation to the plaintiff for the pecuniary loss, if any, resulting to plaintiff by the death of her husband, Michael O'Hara."

The attack upon this instruction upon the ground that there is "no pleading upon which to base an instruction with reference to pecuniary loss," is disposed of by what we have said above. Likewise the argument that there was no evidence that plaintiff sustained any pecuniary loss, since there is no evidence that the deceased contributed to her support, is, in our judgment, without merit. The presumption is to be indulged, prima facie at least, that the deceased did that which it was his legal duty to do; and, as said above, the law will imply pecuniary loss arising by reason of the relationship of the parties. And the evidence in the case shows the earnings of the deceased, to-wit, $3.50 per

day, and that he was a sober, steady and reliable workman, having been long in defendant's employ.

Appellant further contends that this instruction is too general and furnishes no guide to the jury for the proper assessment of damages under the statute. As to this it need only be said that we regard the instruction as good in its general scope. And such being the case, if the defendant desired that the jury be more explicitly directed in the matter of determining the amount which could be properly allowed plaintiff, it was defendant's duty to ask a limiting or qualifying instruction. [See Browning v. Railroad, 124 Mo. 55, 27 S. W. 644; King v. City of St. Louis, 250 Mo. 501, 157 S. W. 498; Nelson v. United Rys. Co., 176 Mo. App. 423, 158 S. W. 446; State ex rel. United Rys. Co., v. Reynolds, 257 Mo. 19, 165 S. W. 729.]

## VI.

The argument that the verdict is grossly excessive, warranting interference at our hands, does not impress us.

A point is made regarding alleged improper remarks of plaintiff's counsel in argument to the jury; but it is unnecessary to dwell upon this since we regard it as quite clear that the remarks in question could not be denominated prejudicial, warranting a reversal.

We perceive no reversible error in the record, and it follows that the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.