# PATRICK H. GANEY v. KANSAS CITY, Appellant.

**Division One, June 30, 1914.**

1. **EVIDENCE: Credibility: Measurements.** It is not the province of the court to say that the testimony of witnesses who made actual measurement of a distance is to prevail over the testimony of other witnesses testifying without measurement. Testimony of the latter kind is competent, and its probative force and credibility are for the jury.

2. **NEGLIGENCE: Unused Post in Line of Work: Assumption of Risk.** Plaintiff's duty was to roll a wheelbarrow, containing concrete, on a wall, 18 or 20 inches wide, near which was a post that had been erected to carry an electric light for certain night work, the post having been left standing after the work was completed. In passing the post plaintiff ran his barrow against it, and the collision threw him into a basin on the ·opposite side of the wall, a depth of about twenty feet. *Held*, *first*, that, the presence of the post not being an auxiliary to the day work in which plaintiff was engaged and the night work to aid in which the post was placed having been completed, whether or not the failure to remove the post was negligence depended on its propinquity to the runway whereon plaintiff was required by the foreman to roll the wheelbarrow and the probability of its causing injury to him when so engaged; and, *second*, the assumption of the risk of danger does not arise from the negligence of the employer unless it is a natural and reasonable incident of the work which the servant contracts to do, and ⸱ ·der the circumstances the post was not an observable object which became one of the conditions under which the work of wheeling the barrow laden with concrete was to be done.

3. ────: ────: **Contributory Negligence: Obvious Danger.** Where reasonable minds can differ as to the inferences to be drawn from facts and circumstances tending to prove contributory negligence, the question is one for the jury; and where the evidence establishes that another man employed in wheeling a barrow, laden with concrete, on a wall, near a post, as plaintiff was, safely passed the post, immediately in front of plaintiff, without striking it with his barrow, there was objective refutation of the presence of danger so glaringly imminent and threatening as to deter a man of ordinary prudence from performing a like work.

4. ────: **Instruction: Assumption of Fact.** Where the petition charged that the post which plaintiff's wheelbarrow struck

was within "one foot or less" from the wall on which he was wheeling the barrow, an instruction telling the jury that if defendant negligently permitted said post to remain in dangerous and unsafe proximity, to-wit, "within a foot or less of said wall," they should find for plaintiff, was prejudicially erroneous, since it assumed that any point within "one foot or less" to the wall was a dangerous proximity.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

REVERSED AND REMANDED.

*A. F. Evans, A. F. Smith* and *Francis M. Hayward* for appellant.

(1) The evidence of actual measurements must prevail over mere estimates or guesses, particularly when such measurements are corroborated by the estimates of many other witnesses and by the pleadings themselves. 5 Ency. Ev., p. 643; Perkins v. Township, 113 Mich. 379; Jones v. Detroit, 171 Mich. 608; Burrough v. Milwaukee, 110 Wis. 478; Wanta v. Milwaukee, 148 Wis. 295; Ryan v. Manhattan Ry. Co., 121 N. Y. 126; Mann v. Phoenix B. & C. Co., 151 Mo. App. 586. (2) No negligence can be attributed to defendant on the uncontroverted facts, for the wall on which plaintiff worked was not unsafe for plaintiff to work upon, and if the erection of the post in the progress of the work, being only temporary, made the work unsafe, it was not negligence on the part of defendant to require plaintiff, with full knowledge of the conditions, to use the wall, and plaintiff assumed such risk and cannot recover. Fugler v. Bothe, 117 Mo. 475; Mathis v. Stock Yards, 185 Mo. 434; Holloran v. Iron & Foundry Co., 133 Mo. 470; Blundell v. Manufacturing Co., 189 Mo. 552; Steinhauser v. Spraul, 127 Mo. 541; Burnes v. Railroad, 129 Mo. 41; Iron Works v. Green, 79 Kan. 558; Casey v. Railroad, 90 Wis. 113; Sullivan v. Manufacturing Co., 113 Mass. 396; Cun-

ningham v. Pierce, 112 App. Div. (N. Y.) 65; Administrator v. Lime & Cement Co., 113 Mo. App. 330; Armour v. Hahn, 111 U. S. 313; Bradley v. Railroad, 138 Mo. 293; West v. Cudahy, 86 Kan. 890; Ballard & Ballard Co: v. Lee, 131 Ky. 412; Foreman v. Railroad, 142 Ky. 62; Grure v. Storey, 40 L. R. A. (N. S.) 832. (3) Respondent was under the undisputed evidence guilty of contributory negligence of the grossest kind, and cannot recover. Slagel v. Lumber Co., 138 Mo. App. 432; Wheat v. St. Louis, 179 Mo. 572; Woodson v. Met. St. Ry., 224 Mo. 685; Devitt v. Railroad, 50 Mo. 302; Ladd v. Street Ry., 180 Mass. 454; McCarthy v. Emerson, 77 App. Div. (N. Y.) 562; Railroad v. Jones, 95 U. S. 439; Pahlan v. Railroad, 122 Mich. 232. (4) The giving of instruction 1 asked by respondent was reversible error for if there could be any doubt in the minds of reasonable men as to the post being dangerously near the wall, then the jury should have had the question submitted to them, whereas the instruction told them that if the post was within twelve inches of the wall, then as a matter of law it was dangerously near the wall. Murphy v. Wabash, 115 Mo. 120; Power v. Wabash, 224 Mo. 1; Huhn v. Railroad, 92 Mo. 450.

*Walsh, Aylward & Lee* for respondent.

(1) The testimony of estimates as to measurements is admissible as amounting to the statement of a fact and such evidence is entitled to the same weight and value as any other testimony. Stotler v. Railroad, 200 Mo. 123; Railroad v. Washington, 49 Fed. 347; Railroad v. Davidson, 76 Fed. 521; Eastman v. Mfg. Co., 44 N. H. 155; Miller v. New York, 93 N. Y. Supp. 227, 104 App. Div. 33; Hacket v. Railroad, 35 N. H. 398; Hames v. Brownlee, 63 Ala. 277; Railroad v. Satterwhite, 19 Tex. Civ. App. 170; Pa. Co. v. Conlan, 101 Ill. 101; Railroad v. Swisher, 53 Ill. App. 417. (2) Plaintiff's injury was the direct result of the negli-

gence of the defendant. The undisputed testimony showed that the post with which plaintiff's barrow collided was erected and located by the defendant in dangerous and unsafe proximity to the wall upon which plaintiff was required to work, thereby forming a dangerous obstruction so that the same was rendered not reasonably safe to work upon. Defendant was in control of the work under the supervision of its foreman and the plaintiff was warranted in relying upon the superior knowledge of the foreman, and his presence at and direction of the work was equivalent to an assurance of safety. Plaintiff, therefore, did not assume the risk of the master's negligence. Charlton v. Railroad, 200 Mo. 433; Curtis v. McNair, 173 Mo. 270; Wendler v. House Fur. Co., 165 Mo. 527; Murphy v. Railroad, 115 Mo. 111; George v. Railroad, 225 Mo. 411; Young v. Oil Co., 185 Mo. 665; Bradley v. Railroad, 138 Mo. 302; Smith v. Coal Co., 75 Mo. App. 180; Hamman v. Coal & Coke Co., 156 Mo. 232; Erwin v. Telephone Co., 173 Mo. App. 535; Doyle v. Trust Co., 140 Mo. 1. The right of the master to do his work in his own way is qualified by the rule that the master must remain within the boundaries of reasonable care. Erwin v. Telephone Co., 173 Mo. App. 536; Mack v. Railroad, 123 Mo. App. 536; Brandt v. Brewing Co., 159 Mo. App. 568; Jarrel v. Coal Co., 154 Mo. App. 558. The evidence showed the post had been up eleven days and had not been in use for several days prior to the injury. It was serving no useful purpose and although defendant knew of its dangerous and unsafe proximity to the wall and that it formed a dangerous obstruction to workmen using the wall it failed and omitted to remove the same. The foreman of the plaintiff directed him what to do, where and how to do it, was present while the work was being done, and plaintiff had a right to rely upon the fact that the master had performed his duty and that the place and manner of do-

ing the work in conformity with orders was reasonably safe, although the danger was temporary and the place shifting. Under the evidence the defendant was unquestionably guilty of negligence. Erwin v. Telephone Co., 173 Mo. App. 536; Corby v. Telephone Co., 231 Mo. 417; Jewell v. Nut & Bolt Co., 231 Mo. 176; Jarrell v. Coal Co., 154 Mo. App. 552; Smith v. Fordyce, 190 Mo. 28; Phippin v. Railroad, 196 Mo. 347; Dakan v. Chase, 197 Mo. 267; Brady v. Railroad, 206 Mo. 509; Wendler v. Fur. Co., 165 Mo. 527; Smith v. Kansas City, 125 Mo. App. 150; Bloomfield v. Wooster, 118 Mo. App. 259; Hendler v. Stove & Range Co., 136 Mo. 3. (3) Plaintiff was not guilty of contributory negligence. The question of contributory negligence is generally a question for the jury and unless the danger is so glaring and imminent an appellate court will not interfere with the jury's finding on that fact. Young v. Oil Co., 185 Mo. 666; Butz v. Const. Co., 199 Mo. 287; Garacai v. Const. Co., 124 Mo. App. 719; Shortel v. St. Joseph, 104 Mo. 114; Mahoney v. Railroad, 104 Mass. 73; Shore v. Bridge Co., 111 Mo. App. 291. Plaintiff had a right to assume that defendant had performed its duty and had placed the post a reasonably safe distance from the wall until he had information to the contrary, for it was no part of his duty to examine the post and see how close it was to the wall. Devlin v. Railroad, 87 Mo. 545; Waldhier v. Railroad, 87 Mo. 37; Johnson v. Railroad, 41 Am. & Eng. R. R. Cases (Minn.), 293; Railroad v. Davis, 92 Ala. 300; Murphy v. Railroad, 115 Mo. 111. (4) Plaintiff's instruction numbered 1 was properly given. It required the jury to find that the post was negligently permitted to be and remain in dangerous and unsafe proximity to the wall and it did not invade the province of the jury nor assume any facts. Blankenship v. Hughes P. & G. Co., 154 Mo. App. 491; Geary v. Railroad, 138 Mo. 251; Dammann v. St. Louis, 152 Mo. 186; Brady v.

Railroad, 206 Mo. 509; Phippin v. Railroad, 196 Mo. 321; Henderson v. Kansas City, 177 Mo. 490; Dawson v. Railroad, 102 Mo. App. 284. The most that can be said of plaintiff's instruction is that plaintiff assumed an unnecessary burden and it is well settled that defendant cannot complain under such circumstances. Prewitt v. Railroad, 134 Mo. 615; Herrington v. Sedalia, 98 Mo. 585; Brooks v. Railroad, 35 Mo. App. 571; York v. Bank, 105 Mo. App. 127; O'Neil v. Blase, 94 Mo. App. 648. Plaintiff is not required to prove all the causes of negligence charged, but only sufficient to make out a case and is entitled to recover upon one or all of the causes of negligence submitted to the jury. Gammon v. Gas Co., 145 Mo. 512; Feddick v. Coal Co., 125 Mo. App. 24; Spaulding v. Met., 129 Mo. App. 607.

## STATEMENT.

Plaintiff was injured when rolling a wheel-barrow, containing a load of moist concrete, on the wall of a water basin, wherein the defendant city was engaged in the work of constructing a water main. The coping, or top space of the wall over which he was pushing the wheelbarrow, was eighteen or twenty inches in width. On the one side of this wall was situated the reservoir or basin, on the other side is was bounded by the earth whose surface came within a few inches of the top. On the land side of the wall and within fourteen inches, a post had been erected to carry electric lights for certain night work, and had been left standing after the completion of the work.

Plaintiff was working under the direction of the foreman and was required to roll the wheelbarrow containing its load of concrete along the coping of the wall to a point beyond the location of the post, and then dump it. A fellow-workman a few feet ahead of plaintiff was engaged in a similar task and succeeded in

passing the post in safety, but plaintiff ran his wheelbarrow against the post.

According to the plaintiff's testimony this collision threw him and the barrow into the basin—a depth of about twenty feet—and inflicted the injuries sued for.

Defendant's witnesses testified that plaintiff was injured by stepping backwards and falling into the water basin, after having set his wheelbarrow down when it struck the post.

The injury occurred in the daytime of the 10th of May, 1908. The testimony was conflicting as to the distance from the post to the outer edge of the coping and also as to the width of the wheelbarrow—plaintiff testifying that the post was set in the ground at a distance ranging from two or three to twelve inches. Defendant's witnesses testified that its measured distance was fourteen inches.

The petition alleged the negligent maintenance of the post so close to the wall ("within a foot or less") as to make it an unsafe runway for the wheelbarrow. The answer pleaded contributory negligence and assumption of risk. Plaintiff had judgment for $12,000. Defendant appealed and assigned various errors which will be ruled in the opinion.

## OPINION.

### I.

BOND, J. (After stating the facts as above.) — Appellant's first point seems to be that the testimony of its witnesses stating the measurements made by them "*must prevail*" over that of other witnesses testifying without measurement. Since the law is settled in this State that the evidence of the latter kind is competent (Gardner v. Railroad, 223 Mo. 389), it necessarily follows that it has some probative force and its credibility and relative weight as compared with the testimony of the former kind, becomes a question for the triers of the facts.

It may be that the jury, if they had believed the witnesses who testified as to actual measurements, would have accepted their testimony as to the distance from the post to the wall rather than the statement of its distance given by eyesight measurements of other witnesses. But the credibility of the two sets of witnesses was a matter for exclusive determination by the jury whose powers in that respect cannot be taken from them under our system of laws. As plaintiff did not admit the correctness of the measurements claimed to have been made by defendant's witnesses, either on the trial or in his pleading, it is evident that we cannot pass on the credibility of defendant's witnesses or the accuracy of their statements without invading the province of the jury.

The contention of defendant that the evidence of this witness as to measurements *"must prevail"* is therefore disallowed.

## II.

It is insisted that the presence of the post alongside of the runway over the top of the wall, was not negligence, but was an observable object which became one of the conditions under which the work of wheeling the barrow laden with loose concrete was to be done, and that any danger caused thereby, was assumed by plaintiff in entering into contract with defendant.

There was evidence tending to prove that this post was erected to carry a light for the benefit of the workmen employed in certain duties appertaining to running a main through the wall of the water basin which were performed at night, but that it was left standing after the work of the men engaged in the night shift had been completed. It is clear, therefore, that the existence of the post was not an auxiliary of the day's work or one of its natural conditions, and whether the omission to remove it was negligence or not de-

pended on its propinquity to the runway whereon plaintiff was required to work and the probability of its causing injury to him when so engaged. The facts bearing on these elements of negligence were properly submitted to the jury whose verdict in favor of the inference of negligence is not therefore subject to review.

Neither did the plaintiff assume the risk of danger, for that is never done when it arises from the negligence of the employer and is not a natural and reasonable incident of the work which the servant contracts to do. [Charlton v. St. L. & S. F. Ry. Co., 200 Mo. l. c. 433; Curtis v. McNair, 173 Mo. 270.] We therefore overrule the assignment of error as to lack of negligence of defendant and the assumption of risk by the plaintiff.

### III.

It is claimed plaintiff's own negligence directly contributed to his injury, and therefore the trial court should have directed a verdict for defendant. There was evidence tending to prove that plaintiff was acting under the command of a representative of defendant in the performance of the work. The post near the top of the wall which plaintiff was required to travel—though suggestive of care to avoid a collision—did not glaringly threaten imminent danger to a man of ordinary prudence engaged in the work assigned to the plaintiff. Before the happening of the injury to plaintiff, he had just witnessed the safe performance of a similar task by a fellow-workman. This was an objective refutation of the presence of danger so glaringly imminent and threatening as to deter a man of ordinary prudence from performing the work under the command of the foreman. Where reasonable minds can differ as to the inferences to be drawn from facts and circumstances tending to prove contributory negligence, the question is one for the jury. And so we think it was in this case. [Huhn v. Railroad, 92

Mo. 440; Butz v. Construction Co., 199 Mo. l. c. 287.]

## IV.

Finally it is complained that instruction number one given for plaintiff was erroneous in that it assumed a fact in issue, to-wit, that the danger zone between the post and the wall was "one foot or less." An inspection of the following language of the instruction shows that this assignment was well taken:

"And if you further believe and find from the evidence that the defendant, and its agents and vice-principals, negligently and carelessly caused and permitted said post to be and remain in dangerous and unsafe proximity, to-wit, within a foot or less of said wall, and negligently and carelessly failed and omitted to remove the same from said dangerous and unsafe position, if you so find, and that," etc., you will find for plaintiff.

In his petition in this case plaintiff had used the above quoted language intending to state thereby that his cause of action was predicated upon the fact that the pole stood within a "foot or less" of the wall, and making no claim to redress if it stood at a greater distance. In drafting his instruction plaintiff adhered with too much literalism to the language of his petition. The issues which should have been submitted to the jury were whether the post was within one foot or less of the wall and also within dangerous proximity to the work required to be done by plaintiff. Instead of submitting those two issues, the instruction *assumed* that any point within "one foot or less" of the wall was a dangerous position for the post to occupy, and left only one issue to the jury; i. e., whether the post stood within "one foot or less" of the wall.

The error in the instruction might have been avoided if instead of using the term "to-wit" plaintiff had employed the copula "and". As thus written the instruction would have been unobjectionable, for it would have submitted the issues of dangerous prox-

imity as well as the specific distance pleaded in the petition, to the jury. This error in the instruction was necessarily prejudicial, for it prejudged the issue of "dangerous proximity" provided the jury should find the pole was standing within "one foot or less" of the wall. [Moon v. Transit Co., 247 Mo. 227; Clark v. Railroad, 242 Mo. 570; Linn v. Massilon Bridge Co., 78 Mo. App. 1. c. 118, 119.]

For the error contained in the instruction under review, the judgment is reversed and the cause remanded. All concur.