ARTHUR A. WEASE, By Next Friend, Respondent, v. FAYETTE R. PLUMB TOOL COMPANY, Appellant.

St. Louis Court of Appeals, February 2, 1915.

1. MASTER AND SERVANT: Injury to Servant: Instructions: Assumption of Facts. In an action for injuries to a servant while at work on an emery wheel, where the evidence concerning whether or not the wheel set true was conflicting, an instruction which authorized a recovery if the injuries were caused by the negligence of defendant in requiring plaintiff to work on a wheel which was not set true and evenly and which wobbled, was erroneous as assuming that defendant was negligent if the wheel was not set exactly true and wobbled to even a slight degree, when the question of whether such condition resulted from negligence was one for the jury.

2. ————: Degree of Care Required of Master. A master is not an insurer of his servants and is required to exercise only ordinary care.

3. INSTRUCTIONS: Assumption of Facts. An instruction which assumes a material fact to be true, concerning which the evidence is conflicting, is erroneous.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman,* Judge.

REVERSED AND REMANDED.

*Igoe & Carroll* and *Fauntleroy, Cullen & Hay* for appellant.

(1) Plaintiff's main instruction assumes disputed facts, is inconsistent and is palpably erroneous. The assumption of facts in the case at bar is much more marked and harmful than the assumption made in the following cases which were reversed because the instruction assumed disputed facts. Ganey v. Kansas City, 168 S. W. 196; Burroughs v. Likes, 166 S. W. 643; Neas v. Railroad, 138 Mo. App. 485; Wilson v. St. Joe, 139 Mo. App. 557; Linn v. Bridge Co., 78 Mo. App. 111; Proctor v. Sutherland, 162 Mo. App. 641; Clark v. Railroad, 242 Mo. 570; Moon v. Transit Co., 247 Mo. 227. The rule forbids the assumption of disputed facts, whether made directly or indirectly, and the error is not, as a general rule, cured by another portion of the charge which submits the issue to the jury. Cahoon v. Marshall, 25 Cal. 201; Bressler v. Schwertferger, 15 Ill. App. 294; Martin v. American Smelting, Etc., Co., 23 Utah, 52; But, see Brinkley Car Works, Etc., Co. v. Cooper, 75 Ark. 325.

*Theo. H. Culver* for respondent.

NORTONI, J.—This is a suit for damages on account of personal injuries received through the alleged negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

It appears plaintiff, a minor about eighteen years of age, was in the employ of defendant at the time of his injury. Defendant is engaged in the manufacture of tools, such as hatchets, axes, etc. Plaintiff received his injury while dressing an emery wheel in defendant's factory. The dresser which plain-

tiff held in his hand while the emery wheel revolved at high speed became caught by a bump on the emery wheel, because, it is said, the wheel was not set true and wobbled, and crushed three of his fingers. The emery wheel on which plaintiff was engaged at the time is about twenty-six inches in diameter and revolves at great speed, being propelled by the motive power of the factory. Such emery wheel resembles the old-fashioned grindstone and, it is said, becomes worn in use, in that some portions of it are softer than others and thus occasions bumps to develop on the wheel. When bumps so develop on the wheel, it is necessary to dress them down so the surface will be smooth and circular. A dresser is provided to be used for this purpose and it is such a dresser that plaintiff was holding against the wheel at the time. It seems this dresser was caught by a bump on the wheel and lodged against an adjacent bar so as to occasion the injury complained of.

Plaintiff says that, though he had worked at the factory for several months, he had been engaged only two and a half hours on the emery wheel when he was injured, and was not familiar with the particular wheel. The averment of the petition is to the effect that defendant was negligent and remiss in its duty in providing and setting plaintiff to work upon an emery wheel which was not set true and wobbled and ran unevenly. The evidence tends to support the charge that the wheel was not set true, for the witnesses say it wobbled as it revolved and ran more or less unevenly; morever that, because of this and the uneven surface—that is, the bump on the wheel— plaintiff was injured. However, there is no direct evidence tending to prove why the wheel wobbled or how much it wobbled, and it does not appear, except by inference, that it could have been rendered more secure by the exercise of care. The evidence with

respect to this matter was not well developed at the trial.

Plaintiff requested and the court gave but one instruction for him on the principal issue of liability in the case. The instruction referred to is as follows:

"The court instructs the jury that if they believe from the evidence plaintiff lost three of his fingers from his left hand without any negligence or carelessness on his part while in the employ of defendant, by reason of the carelessness or negligence of defendant in requiring him to work on an emery wheel that was not set true and evenly, and wobbled, they will find for the plaintiff."

It is insisted this instruction is erroneous, in that it assumes defendant was negligent in requiring plaintiff to work on an emery wheel which wobbled, without calling for a finding of facts with respect to that matter, and we believe the argument to be sound, especially in view of the evidence for defendant that the wheel set true and did not wobble. The instruction seems to assume defendant negligent if the emery wheel was not set exactly true and wobbled to even a slight degree. Obviously such is not the law, for even though the wheel did wobble and was not set true and evenly in every respect, yet, if defendant exercised ordinary care to prevent it from wobbling and exercised ordinary care to set it true and evenly, it discharged its full duty in the matter. Defendant is not an insurer and is held to ordinary care only. The instruction assumes that, if the wheel wobbled, defendant was negligent with respect to its duty in the premises, whereas the issue touching this matter was for the jury to find from the facts. Instructions which thus assume the very issuable facts of negligence to be true are universally condemned, as will appear by reference to the following authorities in point: Ganey v. Kansas City, 259 Mo. 654, 168 S. W. 619; Linn v.

Massillon Bridge Co., 78 Mo. App. 111, 118, 119. None of the instructions given on the part of defendant operate in the least to cure the error in the instruction above pointed out.

Because of the error above referred to, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.